No. 59.—H. G. Ross, plaintiff in error, *vs.* Josiah H. Tedder.

[1.] In a cause pending in the Superior Court, it is competent for the parties to appeal by consent without paying costs or giving bond, and without affidavit of inability to do so.

A bill in Equity, wherein Josiah H. Tedder was complainant and Benjamin E. Stiles defendant, was pending in Bibb Superior Court, when at the July Term, 1851, the Court passed the following order in reference thereto:

"It is by the consent of the parties in said cause, ordered by the Court, that the same be placed on the appeal docket, and the costs follow the final order."

To the passage of this order, Henry G. Ross, Clerk of said Court, objected, and refused to place the same upon the minutes of said Court—because the parties in said cause had not complied with the Statutes of the State, in giving bond and paying costs, or making affidavit, as the law requires.

Ross *vs.* Tedder,

The Court overruled the objection, and decided that said order be placed on the minutes of the Court, and counsel for Ross excepted.

S. & R. P. HALL, for plaintiff in error.

POWERS and WHITTLE, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This was a case in Equity. By consent of the parties, it was, by order of the Court, directed to be entered upon the appeal docket, and that the costs follow the final order. To the entering of this order, the Clerk, Mr. Ross, objected, upon the ground that the costs had not been paid, and bond given in compliance with the Statute, and that no affidavit of inabilily to pay the cost and give the bond, had been filed.

The presiding Judge overruled the objection, and the question is, whether in a cause pending in the Superior Court, an appeal can be entered by consent, without paying costs and giving bond, or making the affidavit. By the Act of 1799, either party dissatisfied with the verdict of the Jury, may enter an appeal within four days after the adjournment of the Court, as a matter of right. The right to appeal is the same, whether the verdict be rendered in a cause proceeding at Law or in Equity before the Superior Court, or in a cause in the Inferior Court. By the same Act it is made the duty of the Clerk, where an appeal is entered, to enter the case on the appeal docket. It farther however, declares by proviso, that the person appealing shall, previous to obtaining such appeal, pay all costs which may have arisen on the former trial, and give security for the eventual condemnation money. Executors and administrators are exempted from the operation of this proviso. *Cobb's New Dig.* 494. The conditions upon which the appeal depends, to wit: the payment of costs which have accrued, and the giving bond for the eventual condemnation money, according to our construction of the Act of 1799, are for the benefit of the party in whose

favor the verdict has been rendered, and not for the benefit of the Clerk.

The party prevailing after a trial and verdict, has the legal advantage of his adversary ; he is entitled to a judgment and process to enforce it.    The law deems it expedient that the losing party shall have another trial ; yet, inasmuch as the other party has this advantage, it puts him upon terms—terms beneficial to the other side.

One of these terms is the payment of costs.    With them he may become ultimately chargeable.    If on the first trial the plaintiff prevails, and an appeal is entered and he succeeds upon the final trial, he will be chargeable with the costs if the defendant proves insolvent, and is chargeable with the costs generally, as a matter of course, if the defendant finally prevails.    *Cobb's New Dig.* 507, '8.    So if the defendant gets a verdict on the first trial, which is appealed from, and a final judgment is rendered against him, he will be generally chargeable with the costs.    Thus in regard to the costs, it is manifest that there is reason for the requirement of the Statute, that costs should be paid, wholly irrespective of any interest which the Clerk has in the costs.    If the requirement of the Statute is for the benefit of the parties, and they waive that benefit, no legal right of the Clerk is violated. The other preliminary condition is security for the condemnation money.    Without doubt, that is also for the protection of the party.    As the appeal has the effect of superceeding the verdict, upon which, without an appeal, the party in whose favor it is rendered would be entitled to a judgment, it is but reasonable that security be given for the final recovery.

These things being so, what shall prevent the parties both standing upon the same level before a verdict, from waiving the first trial, and by consent moving forward to the appeal.    If the appeal formally entered, is not necessary to give jurisdiction in the case on the appeal, (and it is clear that it is not,) and if, as we have seen, no one is interested in the prescribed conditions but the parties, we do not consider that there is any valid objection to it.    The Clerk, it is true, is delayed in the receipt of the costs, which upon his construction, he would receive on the ap-

peal.   But by our construction he is not legally entitled to it, when the appeal is entered by consent.   If injured at all, then, it is still true that no legal right is violated, and it is *dammum absque injuria.*   Appeals by consent expedite the trial, and thereby he is made to receive earlier his whole bill of costs.   Our construction is in accordance too with the spirit of the Act of 1842, which prohibits the officers of the Court from demanding costs and fees until after judgment.   *Cobb's New Dig.* 508.

This decision applies only to cases brought in the Superior Court.   We do not decide what the construction of the Statute would be in regard to an appeal by consent from the Inferior Court.   It may be a serious doubt whether in that case the Statute should not be strictly complied with, in order to give jurisdiction on the appeal to the Superior Court.

Let the judgment be affirmed.