## THE STATE OF NEVADA, RESPONDENT, v. EDWARD RODERIGAS, APPELLANT.

CRIMINAL LAW — OBJECTION THAT INDICTMENT WAS NOT FOUND BY PROPER GRAND JURY.    An objection to an indictment that it does not show that it was found by a grand jury having the proper authority, must be raised on motion to set it aside under Section 275 of the criminal practice act, or taken by special demurrer under Sections 286 and 287 ; and if not so raised or taken, it is waived by operation of Sections 277 and 294.

SPECIAL POINT NOT TO BE RAISED UNDER GENERAL DEMURRER TO INDICTMENT.    The point that an indictment fails to show that it was found by a proper grand jury, cannot be raised under a general demurrer that the facts charged do not constitute a public offense.

INDICTMENT FOR ASSAULT WITH INTENT TO MURDER — CHARGING THE INTENT. Where an indictment for an assault with intent to commit murder, under Section 47 of the criminal code, charged that defendant made an assault upon and shot Benjamin Elsworth with a gun "with intent him, the said Benjamin Elsworth, then and there feloniously, willfully and with malice afore-

State v. Roderigas.

-thought to murder"; and it 'was objected that the facts were not set out showing an intent to murder: *Held*, that though "murder" might be a conclusion of law, the charging the intent to commit murder in the language of the statute was sufficient and proper.

BATTERY OR INJURY NOT NECESSARY TO CONSTITUTE "ASSAULT WITH INTENT TO COMMIT MURDER." In an indictment for "an assault with intent to commit murder" under section 47 of the criminal code, it is not necessary to allege a battery or injury of any kind.

INSUFFICIENT SHOWING IN BILL OF EXCEPTIONS — IRREGULAR IMPANNELMENT OF JURY. Where an objection was made in a criminal case to the panel of trial jurors, but the bill of exceptions, which was supposed to raise the point, failed to show the facts, and the judge below in certifying it expressly stated that the facts upon which the point was based were not as assumed by counsel: *Held*, that there was no showing of irregularity, and that the point raised could not be considered.

OBJECTIONS FOR IRREGULARITY IN DRAWING TRIAL JURY MUST BE DISTINCTLY SHOWN. If it be desired in a criminal case to take advantage on appeal of an objection that the trial jury was irregularly drawn and impanneled, the facts showing the irregularity should be distinctly stated in the record; and in the first place it should be shown how the jury was in fact selected.

PEREMPTORY CHALLENGE MAY BE REQUIRED IMMEDIATELY AFTER CHALLENGE FOR CAUSE. Where a defendant in a criminal cause was required to accept or peremptorily challenge each juror immediately after it was found that there was no ground of challenge for cause: *Held*, no error.

REMARK OF JUDGE TO JURY IN CRIMINAL CASE TO "AGREE QUICKLY." Where the judge in a criminal case made a remark to the jury that it was his earnest desire that they should agree quickly: *Held*, that though such remarks had better always be omitted, there was no intimation that the jury need not give the case the most deliberate and careful consideration, and that, as it could not be seen that the remark could result prejudicially to defendant, there was no error.

FACTS SUFFICIENT TO CONSTITUTE "ASSAULT WITH INTENT TO COMMIT MURDER." Where on a trial of Roderigas for assault with intent to murder Elsworth, it appeared that Elsworth and one Matias had gone to the house of Roderigas for the purpose of getting certain boards fastened to such house; that Roderigas had previously given them permission to come and take the boards; that while Matias was engaged in taking the boards from the house, Roderigas, with intent to shoot one or the other, shot Elsworth, who stood some distance off; and it did not appear that the permission to take the boards had been retracted: *Held*, that the facts were clearly sufficient to justify a conviction of the crime charged.

APPEAL from the District Court of the Second Judicial District, Douglas County.

22

On account of the objections raised to the indictment in this case, it is deemed advisable to present it in full. It was as follows:

*"In District Court, Second Judicial District, Douglas County, State of Nevada, December Term, A. D. 1871.*

The State of Nevada ⎫
     *against*    ⎬  Indictment.
Edward Roderigas, ⎭

Defendant, Edward Roderigas, above named, is accused by the grand jury of the county of Douglas of the crime of an assault with an intent to commit murder, a felony, committed as follows, to wit: that said Edward Roderigas, of the county of Douglas, State of Nevada, on the twenty-fifth day of July, A. D. 1871, or thereabouts, at Pine Nut, in the county of Douglas, State of Nevada, without authority of law, feloniously, willfully and with malice aforethought, with a gun in the hands of him, the said Edward Roderigas, then and there had and held, did assault and shoot Benjamin Elsworth, with the intent him, the said Benjamin Elsworth, then and there feloniously, willfully and with malice aforethought, to murder. All of which is contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Nevada.           MOSES TEBBS,
      District Attorney, Douglas County, State of Nevada.

Names of witnesses examined and sworn before the grand jury: J. A. Smith, F. McElvaine, Martiso Arballo."

Endorsed as follows:

" In District Court, Second Judicial District, Douglas County, Nevada.

" The State of Nevada against Edward Roderigas—Indictment for an assault with an intent to commit murder.

" A True Bill: A. B. Boles, foreman of the grand jury. Defendant admitted to bail in the sum of $5,000, gold coin. C. N. Harris, Judge.

" Presented in open court by the foreman of the grand jury, in

State *v.* Roderigas.

the presence thereof, and filed this fourth December, A. D. 1871. Fred. Furth, Clerk."

The "Bill of Exceptions" referred to in the opinion was, after stating the title of court and cause, as follows: "Defendant objects to the second panel of trial jurors, for that they were not drawn, selected or summoned or returned as required by the statutes, in that two hundred names were not drawn or selected from the assessment roll of the county; that the names selected from the assessment roll were so selected and drawn, not by the county assessor and judge, but by the county clerk and judge; that the defendant was compelled by the court to commence the selection of a jury from a venire issued December 4th, 1871, and returned December 7th, 1871, when there was another venire issued on the twentieth of November, 1871, and returned served December 7th, 1871, which had not then been exhausted in whole or part, and that said second venire, from which said second panel had been drawn and selected, was taken from the jury box containing said names so drawn from the assessment roll as aforesaid. The court overruled the objection, and the defendant then and there duly excepted.

"The foregoing is allowed in the sense that the defendant's counsel stated the above as his grounds of objection; but the correctness of the several grounds of objection in point of fact is not conceded. C. N. Harris, District Judge."

The charge of the court to the jury closed with the following words: "Your entire number must agree upon your verdict, and it is the earnest wish of the court that you will speedily agree. The case is now with you."

*D. W. Virgin,* for Appellant.

I. It does not appear from the indictment that it was found by a grand jury having authority to find it. It does not state that it was found by the grand jury of the county wherein the offense is alleged to have been committed, nor that the grand jury who found the bill were empowered to act at that term of court.

II. The indictment does not charge the crime of which defendant was convicted, nor any offense known to our laws; that is to

say, it does not charge the facts necessary to constitute such crime, or any other. *Murder* is a conclusion of law to be drawn from certain facts which constitute its essential ingredients, and the indictment does not state any facts leading to such a conclusion. It is not stated that Benjamin Elsworth was wounded, bruised, hurt, or even touched by the gun mentioned, or anything passing from the gun, nor that the gun was even loaded or discharged, nor is it alleged that defendant attempted to kill, or intended to kill Elsworth or any other person. See Stats. 1867, 126.

III. The objection to the panel of the trial jury was well taken, because, if the officers can select a less number than two hundred names, they may as well select twenty-four names to put in the venire in the first instance from the assessment roll. The jury was drawn ten days before the term of court commenced, by the district judge and county clerk. No certificate of the drawing and selection was made or filed, nor was it shown in any manner that the assessor was absent, or that the assessment roll did not contain two hundred names. Stats. 1866, 191.

IV. Defendant had the right to examine and pass for cause twelve jurors, (and also have the state pass for cause the same twelve jurors) before being compelled to exercise his right to peremptory challenge; otherwise, he might be very seriously prejudiced in his right to a fair and impartial trial by a jury of unbiased and impartial men. See *People* v. *Jenks*, 24 Cal. 11.

V. The judge had no right to instruct the jury that they 'must agree upon a verdict; for, without this instruction, the jury might have failed to agree upon any verdict. Under this instruction an inexperienced juror might have thought it absolutely necessary for him to agree upon some verdict, even if he did so against his honest convictions of right under the testimony. See *People* v. *Byrnes*, 30 Cal. 206; *People* v. *Sanchez*, 24 Cal. 17.

VI. Upon the whole evidence the defendant should have been found not guilty. The law giving man the right to use all necessary force in the defense of his person and property, but more especially his dwelling-house, is too old and well understood to require either citation or comment.

*L. A. Buckner*, Attorney-General, for Respondent.

By the Court, LEWIS, C. J. :

The defendant was indicted under Section 47 of the criminal code for " an assault with intent to commit murder," convicted and sentenced to the State prison for the term of seven years.    Motion for new trial was regularly. made and denied, and an appeal is now taken, several assignments of error being relied on for a reversal of the verdict and judgment.

First, it is argued that the indictment is defective, in that it does not show that it was found by a grand jury having the proper authority.    To this point it is sufficient to answer that it was not taken by demurrer or by motion at the proper time, and therefore under our statute cannot afterwards be raised.    Section 275 of the criminal code of procedure, among other things, declares that " The indictment shall be set aside by the court in which the defendant is arraigned and upon his motion, in either of the following cases : First, where it is not found indorsed and presented as prescribed by this act" ; and Section 277 provides that " If the motion to set aside the indictment be not made, the defendant shall be precluded from afterwards taking the objection mentioned."    No motion for this purpose was made in this case.    Again, Section 286 declares that " The defendant may demur to the indictment when it shall appear upon the face thereof — first, that the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its not being within the local jurisdiction of the court." Section 287 makes it incumbent on the defendant to distinctly state the grounds of objection to the indictment, else they shall be disregarded ; and Section 294 declares that " Where the objections mentioned in Section 286 appear upon the face of the indictment, they can only be taken advantage of by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty, and in arrest of judgment."    Thus, it will be observed  the objection to the indictment that  it does not show that it was found by a grand jury having authority to find·it, and all objections of as imilar character,

can only be raised by motion or a demurrer specifically designating the objection. In this case no such demurrer was interposed. The demurrer filed was general, making only the point that the facts charged did not constitute a public offense. So all questions as to the failure of the indictment to show the authority of the grand jury were waived, and cannot now be raised.

Does the indictment charge facts sufficient to constitute the crime of which defendant was convicted ? Clearly so. The statute defines the offense as " an assault with intent to commit murder." The very language of the law is employed in defining the crime, and the particular facts showing the manner in which it was committed are quite fully set out. It is alleged, among other things, that the defendant made an assault upon and shot Benjamin Elsworth with a gun, with the intent him, the said Benjamin Elsworth, then and there feloniously, willfully and with malice aforethought, to murder. That murder is a conclusion of law can make no difference here ; for an assault with the intent to commit that crime, whether it be a conclusion of law or not, is made a crime by the statute, and the allegation is therefore sufficient. An allegation that an assault was made with intent to commit any other act or offense, would certainly not make the indictment sufficient under this particular clause of the statute ; that is, it would not be an assault with intent to commit murder, which is the statutory offense. Nor was it necessary to allege that the person assaulted was in any wise injured. An assault is alleged, and that is sufficient, without an allegation showing a battery or injury of any kind. See *State v. O'Flaherty, ante*, 153.

The objection to the panel of trial jurors is not sustained by any facts in the record. There is no showing that the irregularity complained of really occurred. The statement in the bill of exceptions is not a showing of the facts upon which the objection or exception was based. If it were thought desirable to make the point that the jury was irregularly drawn and impanneled, the facts showing the irregularity should be distinctly stated ; whereas, the judge, in signing the bill of exceptions, which is supposed to raise this point, expressly states that the facts upon which the legal points were based were not correct, or rather were not as assumed by counsel. Hence

there is no showing whatever in the record that there was any irregularity in the selection of the jury.	Before it can be determined whether there be any irregularity or not in that respect, it is first necessary to show how the jury was in fact selected.	This not being done in this case, the legal point discussed cannot be considered.

The third assignment of error is that the court erred in compelling the defendant to accept or challenge peremptorily each juror, as it was found there was no ground to challenge him for cause, defendant claiming that the law does not require him to exercise a peremptory challenge until the panel is full.	This exact point was decided against the defendant in the case of *The State v. Anderson*, 4 Nev. 265, and we are not now disposed to question the correctness of the views there expressed.

We see no error in the remark of the judge to the jury that it was his earnest desire that they agree quickly.	It is difficult to see how such instruction or remark could possibly prejudice the defendant's case.	Although such remarks had better always be omitted, there is no intimation that they need not give the case the most deliberate and careful consideration; they might do that and still agree upon a verdict quickly.	The only conclusion that the jury could draw from it was that the judge desired them to waste no time, but to come to a conclusion as speedily as a due and deliberate consideration of the matter submitted to them would admit of.	The case being fully and fairly submitted in other respects, we cannot see that such a remark was error, or that it could result prejudicially to the defendant.

The last ground taken for a reversal of the judgment is, that there was no evidence whatever to warrant the verdict.	The testimony detailed in the record does not justify this conclusion of counsel.	It is shown that Elsworth and Matias went to the house of the defendant for the purpose of getting some boards or lumber which Matias had left there, some of which had been nailed or fastened to the cabin of the defendant.	The defendant had previously informed them that they might come there and take all the boards belonging to Matias, including those attached to his cabin. Matias, it appears, was engaged in taking some of his lumber off the cabin, when the defendant shot Elsworth, who stood some dis-

.tance from the cabin. Now, if it be true that the defendant gave Elsworth and Matias permission to come upon his place and take the boards, which the latter was engaged in taking from the cabin when the shooting took place, and there was no retraction of that permission, and he intended to shoot one of them, surely the defendant was clearly guilty of an assault with intent to murder. It is proven that such permission was given, it is not shown that it was retracted; and the jury have found that the shooting was done under such circumstances as to warrant the conclusion that the defendant intended to shoot some one of the party. Under such state of facts, we as an appellate court cannot say that the evidence did not establish the crime.

Judgment affirmed.