[No. 1319.]

L. W. ALEXANDER, PETITIONER, *v.* E. S. ARCHER, JUSTICE OF THE PEACE, RESPONDENT.

CONSTITUTIONAL LAW.—The statute (Gen. Stat. 3831) provides, that in all cases of attachment and writs of a similar nature, any miner, mechanic, salesman, servant, clerk or laborer, may, at any time before actual sale, serve upon the officer executing such writ a sworn notice of his claim, and shall also notify the creditor causing such writ to be issued, as well as the debtor, if he be found in the county where the property is situate, and if he be not there found, then service upon the officer shall be sufficient; and unless within five days after re-

ceiving such notice, either the creditor or the debtor disputes the claim, if the claimant has filed in the court where the action is pending an affidavit showing his compliance with the law, the officer shall pay the claim as a first lien on the proceeds of the sale. *Held*, the statute is constitutional and does not deprive a person of his property without due process of law.

DUTY AND LIABILITY OF OFFICER.—When a claimant complies with the law, and his claim has not been disputed within five days, it becomes the duty of the officer selling the property and receiving the money to pay the claim, and he is liable to the claimant for the amount without an additional action to recover the same.

NOTICE AND FILING OF CLAIM—NATURE AND EFFECT.—The service of notices, and the filing of a preferred claim is in the nature of a petition in intervention, and if either the debtor or the creditor serve written objections thereto, it becomes the duty of the claimant, within ten days, to commence an action in a court of competent jurisdiction to establish his claim.

FAILURE OF SHERIFF TO PAY PREFERRED CLAIM—REMEDY.—When, in a suit in a justice's court, such notices were served upon the attaching creditor, and upon the sheriff who made the levy, the debtor not being found, and although the claim was not disputed within five days, the sheriff failed to pay it, but applied the proceeds of the sale to the satisfaction of the execution. the justice had jurisdiction upon showing by the claimant, to enter an order requiring the sheriff to pay the claim. (Belknap, J., dissenting.)

OBJECTION BY JUDGMENT CREDITOR—ESTOPPEL.—A judgment creditor. who has obtained judgment and collected the same by legal process, is estopped from objecting to the sufficiency of his own complaint, or to the regularity or legality of any of the proceedings by virtue of which he collected his judgment.

RETURN TO WRIT OF CERTIORARI CONCLUSIVE.—No more of the facts are required to be returned to a writ of *certiorari* than are necessary to determine jurisdiction and the return being deemed conclusive, no evidence, not included therein, will be received and examined.

ORIGINAL application for writ of *certiorari.*

The facts sufficiently appear in the opinion.

*J. H. Macmillan* and *W. E. F. Deal*, for Petitioner.

I.  The justice had no jurisdiction to make the order until Walsh had established his claim and obtained a judgment therein by " due process of law." (*Coscia* v. *Kyle*, 15 Nev. 397.)

II.  No person can be deprived of his liberty or his property without " due process of law." (Const. Art. 1, Sec. 8; *Cosica* v. *Kyle*, 15 Nev. 397; *Wright* v. *Cradlebaugh*, 3 Nev. 349; *Gibson* v. *Mason*, 5 Nev. 302–3; *Myer* v. *Berlandi*, 40 N. W. Rep. 515, 517; *People* v. *O'Brien*, 18 N. E. Rep. 707, 9, 10.)

III.    Such summary proceeding is not " due process of law " as defined by the following out of a host of authorities: (Cooley's Const. Stats. Sec. 353 and note I; *Wright* v. *Cradlebaugh*, 3 Nev. 349; *People* v. *O'Brien*, 18 N. E. Rep. 707, 9, 10; *Gibson* v. *Mason*, 5 Nev. 302; *Ex-parte Wall*, 2 Sup. Ct. Rep. 569; *Hagar* v. *Reclamation Dist.* 108 Id. 667; *Davidson* v. *New Orleans*, 96 U. S. 97; *Murray's Heirs* v. *Hoboken L. & I. Co.*, 18 How. 272; *Pearson* v. *Jewdall*, 5 Otto 294; *Reis* v. *City of Watertown*, 86 U. S. 72; *Baker* v. *Kelly*, 11 Minn. 480; *People* v. *Turner*, 2 N. Y. S. 253; *Martin* v. *C. V. Ry. Co.*, 3 N. Y. S. 862; *Taylor* v. *Porter*, 4 Hill 145; *Dwight* v. *Williams*, 4 McLean 586; Storey on Const. 661; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Rowan* v. *State*, 30 Wis. 129; 2 Coke Inst. 455; *Brady* v. *King*, 53 Cal. 44; *State* v. *Becht*, 23 Minn. 413; *Wynchamer* v. *People*, 13 N. Y. 394; *Penoyer* v. *Neff*, 95 U. S. 714.)

IV.    Due process of law requires " that a person be brought into court and have the opportunity to prove any fact for his protection." (*Parsons* v. *Russell*, 11 Mich. 113; *James* v. *Reynolds*, 2 Tex. 251; *Norman* v. *Heist*, 5 Watts 171; *Newcomb* v. *Smith*, 1 Chand. 71; *Hoke* v. *Henderson*, 4 Dev. 15; *Osborn* v. *Nicholson*, 80 U. S. 689; *Wilkinson* v. *Leland*, 27 U. S. 658.)

V.    Claimant must first ripen his lien into a judgment before he asks the court to order the sheriff to pay over the money and even then the penal statute would not be applicable. (*Nash* v. *Muldoon*, 16 Nev. 408; *Egerly* & *Hinckley* v. *Buchanan and His Sureties*, 5 Cal. 55; *Wilson* v. *Broder*, 10 Id. 444; *Giffan* v. *Smith*, 2 Nev. 377; *Coscia* v. *Kyle*, 15 Id. 398.)

VI.    There was actual notice that the claim was disputed, the party interested appearing and opposing the granting of the motion.    The officer " is bound to treat all claims as disputed until he is expressly authorized by the creditor and debtor to pay them." (*Coscia* v. *Kyle*, 15 Nev. 399.)

*L. A. Buckner*, for Respondent.

I.    The writ of *certiorari* is issued only upon the application of the party beneficially interested, and petitioner is not such party in this proceeding.    The parties interested are Walsh, the preferred claimant, and Fellows, the officer against whom the order was made.    Petitioner has been paid in full.

II.    In determining whether the inferior court acted without

jurisdiction only the record which was before that court can be reviewed. Matters not in the record can not be used here and certainly the record below can not be contradicted by *ex-parte* affidavits in this court for the first time. (*State ex rel. Thompson* v. *Board of Equalization of Washoe County*, 7 Nev. 83, 84, 90; *New Jersey R. R. Co.* v. *Suydam*, 2 Harris 25.)

III.  Respondent had jurisdiction to make the order directing the officer executing the writ to pay the preferred claim. Walsh made and gave notice of his claim in strict compliance with the statute, and none of the parties interested serving objections thereto, it became the duty of the officer to pay it.

IV.  The justice had jurisdiction of the subject matter and Walsh had a right to intervene by filing his notice of preferred claim, which is in effect, a complaint.

V.  In *Coscia* v. *Kyle* on appeal it was decided that without service of notice on the creditor and the debtor as well as upon the officer, a person might be deprived of his property without due process of law, but since that decision the statute has been so amended, and now remains, as to obviate such possible illegality.

VI.  A court may pass on the question of its own jurisdiction.  In this case the objection was made by plaintiff and decided against him, and from which decision he appealed, as he had a right to do.  Having had and exercised such right he can not invoke this review. (*Philips* v. *Welch*, 12 Nev. 158 and authorities there cited.)


By the Court, MURPHY, J.:

The petition in this case is for a writ of *certiorari* to review the proceedings of the justice of the peace of Union township, Humboldt county.  It appears from the transcript from the justice's docket that on the 7th day of March, 1889, the petitioner filed in the justice's court a complaint on a promissory note against the Cliff Mining Company for the sum of two hundred and seventy-six dollars and forty-seven cents signed by "N. Frayer, Supt;" that on the same day a writ of attachment and summons were issued, placed in the hands of a deputy sheriff, and service made on the superintendent and managing agent of the said mining company, and certain personal property attached to satisfy whatever judgment that might be ob-

tained. On the 11th day of March, 1889, the petitioner appeared in court, and, there being no appearance on the part of the Cliff Mining Company, judgment was entered in favor of the plaintiff (petitioner here) for the amount claimed to be due. Execution issued, and on the 16th day of March, 1889, the property was sold, and on the 29th day of March, 1889, said execution was returned by the sheriff satisfied.

On the 15th day of March, 1889, one Lawrence Walsh made out, subscribed to, and had filed in the justice's court a preferred claim against the Cliff Mining Company, under the provisions of an act of the legislature to protect the wages of labor, approved February 23, 1881 (Stat. 1881, 56), and served a copy thereof on each of the parties to the action of *Alexander* v. *Cliff Mining Company*, and on the officer executing the writs of attachment and execution; and, the defendant whose property had been attached and levied upon not being in the county, the said Walsh delivered, at the same time and place, one of the notices to the officer serving the writs, in lieu of the Cliff Mining Company, and also one of said notices to William S. Bonnifield, as attorney for the said Cliff Mining Company. On the 9th day of October, 1889, Lawrence Walsh served a written notice on F. M. Fellows, sheriff of Humboldt county, demanding of said sheriff the payment of the sum of one hundred and fifty dollars and fifty cents, the amount alleged to be due Walsh on his preferred claim, and on the same day a citation was issued out of the justice's court, directed to the said sheriff and his sureties, requiring them to appear before the said justice on the 16th day of October, 1889, and show cause, if any they had, why an order should not be made requiring the said sheriff to pay to Walsh the said sum of one hundred and fifty dollars and fifty cents, realized from the sale of property belonging to the Cliff Mining Company. Service of the papers were made on the sheriff. On the 23d day of October, 1889, to which time the hearing had been continued, the parties appeared before the justice of the peace. Walsh introduced his documentary evidence, and F. M. Fellows, the sheriff, appeared and objected to the jurisdiction of the court. The ground of the objection is not stated. Whereupon the justice made an order that F. M. Fellows, as sheriff, pay to Lawrence Walsh one hundred and fifty dollars and fifty cents, United States gold coin, of the money he made on attachment in the action of *L. W. Alexander*

v. *Cliff Mining Company*, the amount due on Walsh's preferred claim, and the sum of three dollars and seventy-five cents costs.

Section 3 of the act under which the above proceedings were had, reads as follows: "In all cases of execution, attachments and writs of a similar nature against the property of any person or persons, or chartered company or corporatian, it shall be lawful for such miner, mechanic, salesman, servant, clerk and laborer to give notice of their claim or claims, and the amount thereof, duly certified and sworn to by the creditor or creditors making the claim to the officer executing either of such writs, at any time before the actual sale of property levied upon; the creditor or creditors making the claim shall at the same time give notice in writing to the creditor or creditors at whose instance the property has been levied upon, or his or their attorney, of their said claim or claims, and the amount thereof duly certified and sworn to by such claimant or claimants; a copy of said notice shall also be served upon the debtor, if he be found within the county where the property levied upon is situated; *provided;* that if the debtor cannot be found within the county where the property levied upon is situated, then said notice may be served upon the officer executing either of such writs in lieu of said debtor.   Upon the filing in the court where the action or actions against the debtor is or are pending, of an affidavit of the claimant or claimants showing his or their compliance with the foregoing provisions of this section, the officer executing either of said writs shall pay to such miners, mechanics, salesmen, servants, clerks, or laborers, out of the proceeds of the sale, the amount each is justly and legally entitled to receive for services rendered, within ninety days next preceding the levy of the writ of execution, attachment or other writ, not exceeding two hundred dollars, in gold coin of the United States; *provided*, that either the creditor or debtor may dispute the claim of any person seeking and claiming preference under this section; and in such case the party or parties disputing such claim shall serve a written notice that they dispute such claim upon the claimant or claimants, and upon the officer executing such writs, within five days from the time of service upon such creditor or debtor of the notice of the claim by the claimant seeking preference as herein before provided for."

The petitioner contends that the act under consideration

tion is unconstitutional, in that it is an attempt to deprive a person of his property without due process of law, and they rely upon the decision in case of *Coscia* v. *Kyle*, 15 Nev. 395.

The court in that case did not hold the law to be unconstitutional. The record showed that the plaintiff presented his claim, duly verified, to the sheriff, before the sale of the property. But as no notice had ever been served upon the creditor or debtor, except as to Huntington, Hopkins & Co., it was to be inferred that the sheriff notified them, and they denied the preferred claims, and the sheriff notified the claimant that his claim was disputed. Upon those facts the court below set aside the verdict of the jury, and granted a new trial on the ground that the claims were disputed and no suit was ever brought to establish said claims. On appeal the attorney for appellant contended that the notice to the sheriff was sufficient, and neither the creditor nor debtor having disputed the claim by serving upon the claimant a written notice of their objections, the sheriff was in duty bound to pay the preferred claim.

The majority of the court held that, if such was to be taken as the intention of the law, it would be unconstitutional, as it would deprive the judgment creditor of his property to the extent of his judgment lien, and the judgment debtor for whatever money might be in the officer's hands after paying said judgment. The court then said: "We do not think that in this instance the legislature has attempted anything of the kind. As we construe the statute, it clearly implies, although it does not expressly say so, that notice of the claims must not only be given to the sheriff, but also to the debtor and creditor, for how otherwise can they dispute the claims?'"

Intimating that if the claimant had served notices of his claim on the debtor and creditor, the law would have been complied with, and, if the claim was not disputed, the claimant would be entitled to his money. Since the decision in the case of *Coscia* v. *Kyle* was rendered, the statute has been amended, removing all ambiguity.

In California, where they have a statute similar to our own, the supreme court said, in the case of *Mohle* v. *Tschirch*, 63 Cal. 382: "It is contended by appellant that section 1,206 of the code of civil procedure is unconstitutional, in that it provides for taking private property without due process of law, and

that it is special legislation.   The section provides for notice to the attaching creditor, and the latter knows that his attachment will hold the property for the benefit of the claims of the preferred class which may be established.   Our attention has not been called to any subdivision of section 25 of article 4 of the state constitution which prohibits such legislation as is enacted in section 1,206 of the code of civil procedure."

There are two points to be considered in the construction of all remedial statutes—the mischief and the remedy; and it is the duty of courts so to construe acts of the legislature as to suppress the mischief and advance the remedy.   The object of the law under consideration being to secure the claims of the miner, mechanic, salesman, servant, clerk and laborer, who have by their labor contributed to enhance the value of their employers' property, should receive the most liberal construction to give full effect to its provisions.

In the majority of cases the laborers are men of limited means, depending entirely upon their daily wages for the support of themselves and families.   The legislature, knowing this to be the case, enacted the above law, as being the most expedient and least expensive, and to secure to the class named their pay, which they could not do, if required to pursue the ordinary course of law, as the first attachment or the first writ of execution would exhaust all the property of the judgment debtor, leaving the man who by his labor created the property without any redress whatever.   Walsh, having made out his preferred claim, duly certified and sworn to, filed the same in the justice's court, where the action of *Alexander* v. *Cliff Mining Company* was instituted, served copies thereof on the parties to the suit, and the officer serving the writs, as required by the statute, and, his claim not being disputed within five days, as required by the law, it became and was the duty of the sheriff, after selling the property and receiving the money, to pay Walsh's preferred claim.   That officer not having done so, is liable to Walsh for the amount found to be due.   Walsh's claim not being disputed, he is not required to bring an additional action for the recovery of the amount due him.

The filing of his preferred claim, and the service thereof on the judgment creditor, judgment debtor, and the officer serving the writs, is in the nature of a petition of intervention; it is a notice to the creditor and debtor that the claimant has an

interest in the action commenced as against both plaintiff and defendant, and claims a lien on the money coming into the officer's hands from the sale of the property. If either the debtor or creditor objects to the claim, they must within five days serve written notices upon the claimant and the officer executing the writs, that they, or either of them, dispute the claim, or some part thereof. If such notice is served, then it becomes the duty of the claimant within ten days to commence an action in a court having jurisdiction to establish his claim.

The notice served upon the officer serving the writs and receiving the money is in its nature a garnishee. It is a notice to him that the claimant claims a portion of the money in his hands. He has notice of the proceedings, and knows, or should know, what is required of him. At the expiration of five days after the service of notice of the preferred claim upon him, if he has not been notified in writing that the claim is disputed, he must pay the claim, for by the silence of the judgment creditor and debtor they confess the justness of the claim. If he should be notified within the time and in the manner, as required by the statute, that the claim is disputed, he shall retain the money in his hands for ten days from the service of such notice. If suit has not been commenced by the claimant within the ten days, it is an admission that his claim is not a just one, and the officer will pay the money over to the judgment creditor. If the suit has been commenced as required by the act, the officer should retain possession of the money until the final termination of the suit, and pay it out in accordance with the orders of the court. Money received by an officer by virtue of a writ of attachment or garnishee is in the custody of the law, and the officer is in duty bound to pay it out as the law and the court directs; and the law in this case said that the sheriff should have paid Walsh's claim, as the same had not been disputed. The sheriff not having done so, the only course left for Walsh to pursue was to petition the court, and the court had the power to make the order. This is the only reasonable and logical construction that can be placed upon the act. The act is not subject to the objection that it deprives a person of his property without due process of law. The act provides for the serving of notices, and gives the judgment debtor and creditor an opportunity to be heard in court; and if they do not avail themselves of that privilege, it is their own fault, and not

the fault of the law. The officer cannot complain, as he has no interest in the subject matter whatever except to obey the law and the orders of the court out of which the writ issued, and enforce their mandates.

In the case of *McCauley* v. *Fulton*, 44 Cal. 360, the court said: "The form and mode of service of process by which parties defendant are brought into court, whether it be an inferior or superior court, so as to give the court jurisdiction of their persons, are matters of legislative discretion." And in the case of *Dent* v. *West Virginia*, 129 U. S. 114, Mr. Justice Field, in delivering the opinion of the court, said: "Legislation must necessarily vary with the different objects upon which it is designed to operate. It is sufficient, for the purpose of this case, to say that legislation is not open to the charge of depriving one of his rights without due process of law, if it be general in its operation upon the subjects to which it relates, and is enforceable in the usual modes established in the administration of government with respect to kindred matters; that is, by process or proceedings adapted to the nature of the cases."

Jurisdiction is the power to hear and determine causes between parties and to carry judgments into effect. Petitioner also claims that Walsh cannot recover because there was no suit pending; no writ of attachment issued in any action wherein the Cliff Mining Company was a defendant; that there was no judgment against the Cliff Mining Company; and he bases his objection on the ground that the note sued upon was not the note of the Cliff Mining Company. These objections will not be considered. Petitioner, having obtained judgment against the Cliff Mining Company, and, by legal process, collects the amount of the judgment, is estopped from making any objections to the sufficiency of his complaint, or to the regularity or legality of any of the proceedings by virtue of which he obtained the judgment and succeeded in collecting the full amount of his claim.

The petition for the writ of *certiorari* was filed in this court on the 11th day of January, 1890. On the 3d day of March the writ issued, and was made returnable on the 15th day of March. On the 13th day of March two *ex-parte* affidavits were made on behalf of petitioner, and we are asked to consider them as part of the record before us. The court to which a writ of *certiorari* is addressed is required to comply by returning and certifying

the record of its proceedings. No more of the facts of the case will be required to be returned, than those which are necessary to determine the point of jurisdiction, and the return is treated as conclusive. No evidence will be received and examined unless it is embodied in the record received from the court against which the writ is issued. (*State ex rel. Thompson* v. *Board of Equalization of Washoe County*, 7 Nev. 87.) The justice of the peace had jurisdiction of the subject matter. The writ will therefore be dismissed.

Since writing the above, the case of *Carter et al.* v. *Green Mountain Gold Mining Co.*, has been reported in 23 Pac. Rep. 317, and it supports the views herein expressed.

BELKNAP, J., dissenting.

I dissent from the judgment of the court upon the ground that the court of the justice of the peace had no jurisdiction to make the order requiring the sheriff to pay the claimant the amount of his preferred claim. A court of record, out of which an execution has issued, may, in the exercise of its common-law powers, determine the application of the proceeds of the execution. But courts of justice of the peace possess no common-law powers. Their functions are such, and only such, as the legislature has conferred upon them. The statutes of the state make no mention of orders of the character of the one under review. Applying the well-established principle that courts not of record, and not proceeding according to the course of the common law, derive all their powers from the statute, and take nothing by implication, I am of the opinion that the order of the justice is void.

This conclusion is strengthened by a consideration of the provisions of the practice act relating to appeals. Section 3352 of the General Statutes provides, among other things, that an appeal may be taken from any special order of the district court made after final judgment, but the statutes make no provision for appeals from orders of a similar nature made by the justices of the peace. If justices have the authority exercised in the present case their orders are final, while those of the district court are reviewable by appeal. This result is contrary to the general plan of procedure established by our laws, and tends to show that the exercise of the authority was not contemplated by the legislature.