[S. F. No. 2041.    Department One.—August 20, 1900.]

## CASPER J. GARDINER, Appellant, v. CALIFORNIA GUARANTEE INVESTMENT COMPANY, Respondent.

Appeal — One Undertaking Upon Distinct Appeals — Dismissal — Waiver of Right — Stipulations.—Notwithstanding one undertaking upon two distinct appeals is so defective as to justify dismissal of both of them, yet the right to move to dismiss the appeal from the judgment will be deemed waived where the parties have mutually stipulated for extensions of time for the filing of points and authorities, and no objection was raised to the regularity or sufficiency of the appeal until after the points and authorities were filed, and until it was too late to take another appeal. But such waiver does not apply to a distinct appeal from an order made after judgment, the time of appeal from which had elapsed before any stipulations were made; and such appeal must be dismissed for want of a distinct undertaking thereupon.

MOTIONS in the Supreme Court to dismiss appeals from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to vacate the judgment and to modify an order sustaining a demurrer to the amended complaint.    George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

George W. Monteith, for Appellant.

Joseph Hutchinson, for Respondent.

HARRISON, J.—Motion to dismiss the appeals.    The appeals herein were taken June 24, 1899, and purport to be from a judgment dismissing the action, and also from an order made after judgment.    The transcript on appeal was filed August 5, 1899.    March 8, 1900, the respondent gave notice of the present motion to dismiss the appeals upon the ground that no sufficient undertaking on appeal had been filed.    As there are two distinct appeals and only a single undertaking in the sum of three hundred dollars, the undertaking is defective within the rule given in *Centerville Co. v. Bachtold*, 109 Cal.

111, and many other cases. The motion is, however, resisted by the appellant upon the ground that the defect has been waived by the conduct of the respondent. The facts upon which he relies as constituting such waiver are that after the transcript had been filed, viz., September 5, 1899, the respondent joined with the appellant in a written stipulation by which each party was to be allowed additional time within which to prepare and file his points and authorities on the appeal, and that the respondent again, on January 30, 1900, stipulated that the time for the appellant to file his points and authorities should be extended to and including February 3d; that on February 2d the appellant filed his points and authorities on the appeal herein; that on February 28th the respondent obtained the consent of the appellant to an order of this court therein extending time to file its points and authorities on the appeal herein until and including April 2, 1900, and that at neither of the dates at which these stipulations were made or asked, and at no time prior to the service of the present motion, did the respondent make any objection to the regularity or sufficiency of the appeal.

In view of these facts, we are of the opinion that the respondent must be deemed to have waived its right to object to a hearing of the appeal from the judgment. If it was its purpose to object thereto upon the ground presented in the present motion, it was but simple fairness to the appellant to notify him thereof, instead of uniting with him in a stipulation by which it, in effect, asked for and obtained from the appellant additional time within which to file its points and authorities. The judgment was entered April 8, 1899, and when the first stipulation was entered into the time for taking an appeal from the judgment had not expired, and if the objection had then been made the appellant could have taken a new appeal and filed a valid undertaking thereon. Respondent ought not to be permitted, by its conduct, to lure the appellant into a reliance upon the sufficiency of his appeal, and, after thus inducing him to undergo the labor and expense of preparing and filing his points and authorities, for the first time make the objection that he is not entitled to have them considered.

These principles, however, have no application to the appeal from the order. The order was made June 2, 1899, and at the date of the stipulation the time within which to appeal therefrom had expired. The appellant, therefore, cannot claim to have been misled in regard to the sufficiency of this appeal by any act or conduct of the respondent.

The appeal from the order is dismissed. The motion to dismiss the appeal from the judgment is denied.

Garoutte, J., and Van Dyke, J., concurred.