[No. 1702.]

JOHN HART, APPELLANT, *v.* GEORGE S. SPENCER AND MRS. GEORGE S. SPENCER, HIS WIFE, RESPONDENTS.

1. APPEAL—RECORD—TRANSCRIPT—REQUISITES. Where the transcript on appeal from judgment of dismissal contains the original papers filed in the case and "an affidavit on motion for a new trial and on appeal," a motion will be granted to strike out all papers, excepting the complaint, demurrer, summons, and judgment.

2. DISMISSAL—DEFECTS RELATING TO RECORD. Where the record on appeal from the judgment does not contain a statement of the case, a bill of exceptions, or any document certified to by the clerk as containing the judgment roll, or purporting to be the judgment, there is nothing before the court for consideration, and the appeal will be dismissed.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *B. F. Curler*, Judge.

Action by John Hart against George S. Spencer and his wife. From a judgment dismissing the cause of action, plaintiff appeals. **Appeal dismissed.**

The facts sufficiently appear in the opinion.

*O. H. Mack*, for Appellant.

*Cheney & Massey*, for Respondents.

By the Court, NORCROSS, J.:

The notice of appeal in this cause specifies that the appeal is taken from the judgment and order of the trial court sustaining defendants' motion dismissing the cause of action from the calendar. The transcript on appeal is in two volumes. Volume 1 contains apparently the originals of papers filed in the case in the lower court, excepting a paper designated "Affidavit on Motion for a New Trial and on Appeal," which last-mentioned document comprises volume 2.

Respondents have moved to strike out and discharge from the record on appeal all of volume 2, and all the papers included in volume 1, excepting the complaint, demurrer, summons, and judgment. An affidavit on appeal is unknown to the practice in this state, and, as there is no appeal from an order denying a motion for a new trial, the affidavit in

question can have no proper place in the record. (Comp. Laws, 3427; *Alexander* v. *Archer*, 21 Nev. 31.)

The motion to strike out is allowed.

The record on appeal from the judgment does not contain a statement of the case or bill of exceptions, either attached to the judgment roll or otherwise, and consequently the only thing that could be considered upon the appeal would be the judgment roll. While the motion to strike out mentions the judgment as one of the papers excepted from the motion, we do not find in the record, certified to by the clerk as containing the judgment roll, any document purporting to be the judgment or a copy thereof, nor a copy of the order dismissing the action.

There being nothing before the court for consideration, the appeal must be dismissed, and it is so ordered.

TALBOT, C. J.: I concur.

SWEENEY, J., did not participate, the case having been submitted prior to his ascending the bench.