[No. 1714.]

## G. M. SMITH, APPELLANT, *v.* THE WELLS ESTATE COMPANY, A CORPORATION, RESPONDENT.

1. APPEAL—RECORD—SUFFICIENCY. In the absence of a waiver of objection, appellant's affidavit setting out the proceedings of the trial court would be an insufficient transcript, since the methods of taking appeals are matters of purely statutory regulation, and only bills of exception properly settled and signed by the judge and records complying with the statute will be considered.

2. SAME—WAIVER OF OBJECTION—BRIEF. Under Supreme Court Rule 11, requiring respondent to file and serve his brief within fifteen days after the service of appellant's brief, and making a failure by either party to file his brief within the time provided a waiver of the right to orally argue the case, or to recover certain costs, and under rule 8, providing that exceptions or objections to the statement or transcript must be taken at the first term after the transcript is filed, and must be noted in the written or printed points of respondent and filed at least one day before the argument, or they will not be regarded, where appellant filed his brief February 26th, and on April 1st, without making any reservation respondent obtained an order allowing it ten days to file its brief, and it failed to file a brief, or to make any motion to dismiss the appeal within fifteen days after the filing of appellant's brief, it waived its rights to object to an irregularity in the manner or form of certification of the order appealed from.

3. SAME—STATUTES CONSTRUED. Section 332 of the practice act (Comp. Laws, 3427) provides that when a party, who has a right of appeal, desires a statement of the case to be annexed to the record of the judgment or order, he should prepare and file such statement and serve a copy thereof on the adverse party, who may file proposed amendments thereto, which may be settled and certified by the judge. Section 337 (Comp. Laws, 3432) provides that the five preceding sections "shall not apply to appeals taken from an order made upon affidavit filed, but such affidavit shall be annexed to the order in the place of the statement mentioned in those sections." *Held,* that the language quoted was not intended to authorize the filing of records on appeal set out and supported by an affidavit made after the order of the lower court and filed in the supreme court for the purpose of showing its proceedings, but rather to allow a simple method for taking to the supreme court for review orders of the district court made on affidavits filed therein previous to the making of such orders, by filing as the record on appeal copies of such orders attached to the affidavit on which they were based, supported by the proper certificate of the clerk.

4. PLEADING—DEMURRERS SUSTAINED FOR MISJOINDER—RIGHT TO AMEND. Under section 68 of the practice act (Comp. Laws, 3163), providing that the court may in furtherance of justice amend any pleading or proceeding by adding or striking out the name of any party, and section 71, providing that the court shall in every stage of an action disregard any error in the pleadings or proceedings not affecting substantial

rights, where plaintiff and others, several owners of different lots, sued for the diversion of waters therefrom and a demurrer for misjoinder of parties and causes of action was sustained, it was improper to strike out plaintiff's amended complaint in which he sued alone; the allegations of the amended complaint relating alone to property, acts, and matters set out in the original complaint, and both demanding damages and general relief.

NORCROSS, J., dissenting.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *John S. Orr*, Judge.

Action by G. M. Smith against The Wells Estate Company. From an order dismissing his amended complaint, plaintiff appeals, and defendant moves to dismiss the appeal. **Motion denied. Order reversed.**

The facts sufficiently appear in the opinion.

*O. H. Mack*, for Appellant:

I. The court erred in entering the order to sustain defendant's motion to strike plaintiff's amended complaint from the files of the court, for the reason that said amended complaint has one and the same parties plaintiff, and it states identically two of the same causes of action as stated in the original complaint.

*S. Summerfield*, for Respondent:

I. This appeal should be dismissed and respondent moves its dismissal upon the ground that the record on appeal is not in the form required by law. It is not an appeal from the judgment roll alone, nor is it brought before this court upon a properly executed or authenticated statement on appeal, or upon a properly prepared and served bill of exceptions.

II. A radical change of the parties in an action in an amended complaint where leave to amend was granted only to the original party or parties will not be tolerated in law, (*Little* v. *V. & G. H. W. Co.*, 9 Nev. 317; *Hallmark* v. *Hopper*, 72 Am. St. Rep. 901; *Emerson* v. *Wilson*, 34 Am. Dec. 695.)

III. The property necessarily affected by an amended complaint must be the same property mentioned in the original complaint. A material variance in this respect

cannot be allowed in an amended complaint, as otherwise the original complaint would only have the effect of a bill of discovery. It will be observed that the property mentioned in the amended complaint is but a moiety of that mentioned in the original complaint. The subject-matter of the controversy must be the same in an amended complaint as that mentioned in the original complaint. (*Emerson v. Wilson*, 34 Am. Dec. 695.) The original complaint was one at law and in equity in which damages were sought to be obtained, and also a mandatory injunction, being a purely equitable remedy. Under the alleged amended complaint, the action is purely statutory in its entirety, being one to recover damages and to quiet title. (*Emerson v. Wilson*, 34 Am. Dec. 695; *Davis v. Mayor*, 67 Am. Dec. 186, and notes.)

By the Court, TALBOT, C. J.:

The motion to dismiss the appeal and the merits in this case may be more conveniently understood and considered together.

The appellant, G. M. Smith, with P. W. Nicholson, T. J. Pickett, and his wife, Mary M. Pickett, filed a complaint against The Wells Estate Company, a corporation, in the court below, alleging Smith to be the owner in fee of ten lots, together with one and one-half miners' inches of water in the S. O. Wells ditch, in McCormick's Addition to the City of Reno, and that he is in possession of these lots and entitled to the possession of this water; that Pickett and his wife were the owners in fee of three lots, and one miner's inch of water, in the S. O. Wells ditch, in said McCormick's Addition, and were in the possession of these lots and entitled to the possession of this water; that Nicholson had purchased of the plaintiffs Pickett and wife the three lots and one miner's inch of water so owned by them, and had made partial payments therefor. There was an allegation that the water flowed, and that plaintiff Smith was entitled to an easement and right of way to have it flow, through the S. O. Wells ditch to his lands, and that he had long and continuously used it therein; that the defendant, through its agents and employees, disregarding the plaintiffs' rights, had filled up

large portions of the ditch above the plaintiffs' lands and
diverted all the water from their premises, to the damage of
the plaintiff Smith in the sum of $800. There were special
allegations that, by reason of such diversion, the grass,
verdure, garden, trees, and shrubbery growing on Smith's
lands had dried up and died, to his damage in the sum of
$260, and that he had been compelled to pump and carry all
the water for his live stock and poultry and for domestic
purposes in his residence, to his damage in the sum of $240.
There were separate allegations of diversion of the water
from and damage to the lands of the other plaintiffs.

The prayer in the complaint asked for an order of the
court compelling the defendant to open, repair, and clean out
the S. O. Wells ditch and to let the waters of the plaintiffs
flow through it undisturbed to their lands, for damages to
them in separate amounts, and for general relief. A demurrer
to this complaint on the grounds, among others, that there
was a misjoinder of parties plaintiff, and that they had no
joint or common interest in the subject-matter or in the
damages or relief sought to be recovered, that several causes
of action had been improperly joined, and that the alleged
causes of action of the several plaintiffs were independent,
was sustained by the court. An amended complaint was
filed, naming Smith alone as plaintiff, alleging that he was
the owner of the same lots and water as claimed by him in
the first complaint, and that he was entitled to have it flow
through the S. O. Wells ditch to his premises, and alleging,
as before, that it had been filled up and the water diverted
by the defendant, and special damages to him for the same
cause and in the same amount as in the original complaint
and general damages for the same diversion in a different
amount. He demanded to have the title quieted to the water
and water rights, ditch and ditch rights, and privileges
belonging and appurtenant to his lands and premises, and
for damages, costs, and general relief.

The defendant filed a demurrer to the amended complaint,
which was sustained, and moved to have it stricken from the
files, on the ground that it was an attempt to change the
parties mentioned in the original complaint and the nature

of the original complaint of which it purported to be an amendment. This motion was granted by the court. The transcript on appeal, in two volumes, one designated "Plaintiff's and Appellant's Affidavit on Appeal," and the other without designation, were filed in this court on the 26th day of February, 1907, and the appellant's brief was filed on the same day. On April 10th respondent's brief was filed in this court, and therein it was asked that the appeal herein be dismissed upon the ground that the record is not in the form required by law. On April 11th appellant filed notice of a motion to have respondent's brief stricken from the files because it was not filed within the time required by rule 11 of this court. Accordingly two questions are suggested— whether the record is properly certified, and whether the respondent has waived its right to have the appeal dismissed if the certification is defective, at least one of which it is essential to determine.

In the volume of the transcript marked "Plaintiff's and Appellant's Affidavit on Appeal" copies of papers and proceedings of the court are set out and stated in the form of an affidavit by the plaintiff, followed by a certificate of the district judge that "the foregoing is the plaintiff's original affidavit on appeal and identified as such," and by the certificate of the county clerk of similar effect. The other and undesignated volume of the transcript seems to contain original papers which are followed by the certificate of the clerk certifying that it contained all of the original files and papers, excepting the affidavit on appeal, including the original judgment roll, original complaint, amended complaint, demurrers, and other papers. There was no certificate by the judge that the statement had been allowed and was correct, such as is usually attached to statements on appeal. In the absence of any waiver of objections, the affidavit made by the appellant setting out the proceedings of the court would be insufficient, as stated in *Hart* v. *Spencer*, 29 Nev. 286, 89 Pac. 289.

As has been held by this court, the methods of taking appeals are matters of purely statutory regulation. (*Burbank* v. *Rivers*, 20 Nev. 81, 16 Pac. 430.) By analogy only bills of

exception properly settled and signed by the judge and records complying with the statute will be considered. (*State* v. *Mills*, 12 Nev. 403; *State* v. *Rover*, 13 Nev. 17; *State* v. *Wilson*, 5 Nev. 43; *State* v. *Ah Mook*, 12 Nev. 369.) Following this rule, the court has refused to receive affidavits to show irregularities or proceedings not regularly certified. (*State* v. *Baker*, 8 Nev. 141; *State* v. *McMahon*, 17 Nev. 365, 30 Pac. 1000; *State* v. *Larkin*, 11 Nev. 314; *State* v. *Roderigas*, 7 Nev. 328; *State* v. *McLane*, 15 Nev. 345.) Under rule 11, respondent is required to file and serve his points and authorities or brief within fifteen days after the service of appellant's brief, and a failure by either party to file his brief within the time provided is deemed a waiver of the right to orally argue the case or to recover certain costs, and under rule 8 exceptions or objections to the statement or transcript must be taken at the first term after the transcript is filed, and must be noted in the written or printed points of respondent and filed at least one day before the argument, or they will not be regarded. On April 1st, without making any reservation, respondent obtained an order allowing it ten days within which to file its brief, and this and the fact that it failed to file its brief or make any motion to dismiss the appeal within fifteen days after the filing of appellant's brief we deem to be a waiver of its right to make the objections offered to the transcript. (*Johnson* v. *Wells*, 6 Nev. 224, 3 Am. Rep. 245; *Truckee Lodge* v. *Wood*, 14 Nev. 293.) The notice and undertaking on appeal are in proper form, duly certified by the clerk. If the order from which the appeal is taken were not included in the record, its omission would be fatal and could not be waived; but the same conclusion and result does not follow because there is an irregularity in the manner or form of certification of the order by reason of its presence here attached to the specification of error under an affidavit, a well-recognized method of proof in general practice, to which is attached the certificate of the clerk and district judge that it is appellant's "Affidavit on Appeal," instead of under a certificate following the language of the statute.

This case may be distinguished from *Marx* v. *Lewis*, 24 Nev. 306, 53 Pac. 600, in that the defect in the certification

here is not as vital as the question involved there relating to the absence of any notice or bond on appeal. If an inference may be drawn from the dicta in that case that no defects in the record can be waived, it would be opposed to these decisions of this court in 6 and 14 Nev., but more directly is it in conflict with the opinions of the Supreme Court of the United States and other courts holding that the lack of an undertaking on appeal and other omissions and irregularities may be waived. (*Kingsbury* v. *Buckner*, 134 U. S. 650, 10 Sup. Ct. 638, 33 L. Ed. 1047; *Michel* v. *Meyer*, 26 La. Ann. 173; *Weidner* v. *Matthews*, 11 Pa. St. 336; *Gardner* v. *Investment Co.*, 129 Cal. 528, 62 Pac. 110; *Thompson* v. *Lea*, 28 Ala. 453; *Wheeler* v. *Burlingham*, 137 Mass. 581; *Ross* v. *Tedder*, 10 Ga. 426; *Howth* v. *Shumard*, 40 S. W. 1079; *Hoagland* v. *Hoagland*, 18 Utah, 304, 54 Pac. 978; *Kirkpatrick* v. *Cooper*, 89 Ill. 210; *Pace* v. *Lanier*, 25 Fla. 558, 6 South. 262; *Engle* v. *Rowan*, 48 S. W. 757; *Norris* v. *Monroe*, 128 Mass. 386; *Bolton* v. *McKinley*, 19 Ill. 404; *Wilson* v. *Kelly*, 81 Pa. St. 411; 2 Ency. Pl. & Pr. 348; 2 Cyc. 882, and cases there cited.)

Apparently there was no attempt to serve or file the record as a statement on appeal under section 332 of the practice act (Comp. Laws, 3427), which provides that, when the party who has a right of appeal wishes a statement of the case to be annexed to the record of the judgment or order, he should prepare and file such statement and serve a copy thereof on the adverse party, who may file proposed amendments thereto, which may be settled and certified by the judge. It would seem that, instead of following these provisions, plaintiff intended to proceed under section 337, which provides that the sections to which we have referred "shall not apply to appeals taken from an order made upon affidavit filed, but such affidavit shall be annexed to the order in the place of the statement mentioned in those sections." The language quoted was not intended to authorize the filing of records on appeal set out and supported by an affidavit made after the order of the lower court and filed here for the purpose of showing its proceedings, but rather to allow a simple method for bringing into this court for review orders of the district

court made upon affidavits filed therein previous to the making of such orders by filing as the record on appeal copies of such orders attached to the affidavits on which they were based, supported by the proper certificate of the clerk. However, it being conceded that the record is not sufficient as a statement on appeal as distinguished from a transcript, if there were doubt as to objections to the record being waived because they were not presented in time, it might be claimed that the order in the lower court by analogy was made upon affidavit because it was based upon the complaint and amended complaint, both of which were verified, but more properly be said that the order dismissing the complaint was in the nature of a final judgment which might be reviewed on the judgment roll and papers certified here by the clerk. The practice act distinguishes between the methods of certification of statements and of transcripts on appeal. (*Irwin* v. *Samson*, 10 Nev. 282; *Railway Co.* v. *Johnson*, 7 Wash. 97, 34 Pac. 567.) Section 335 provides: "The statement, when settled by the judge or referee, shall be signed by him, with his certificate that the same has been allowed and is correct. When the statement is agreed upon by the parties, they or their attorneys shall sign the same, with their certificate that it has been agreed upon by them and is correct." Section 340 provides: "On an appeal from a final judgment, the appellant shall furnish the court with a transcript of the notice of appeal, and the statement, if there be one, certified by the respective attorneys of the parties to the appeal, or by the clerk of the court. On an appeal from a judgment rendered on an appeal or from an order, the appellant shall furnish the court with a copy of the notice of appeal, the judgment or order appealed from, and a copy of the papers used on the hearing in the court below, such copies to be certified in like manner to be correct. The amended complaint did not add any new cause of action or a new party, as was attempted to be done in the cases cited by the respondent. The allegations of the amended complaint relate only to property, acts, and matters set out in the original complaint. Both demanded damages and general relief.

The fact that the damages are not asked in the same amount in the different paragraphs is nothing unusual in amended complaints. The prayer in the amended complaint that the title be quieted is controlled by the allegations which were similar in both so far as the plaintiff Smith is concerned. The court could grant any relief consistent with these allegations or with those in an answer. A part of the plaintiffs and the allegations on their behalf relating to damages, which it had been held by the court on demurrer could not be joined, were omitted in the amended complaint apparently for the purpose of bringing it within the order of the court sustaining the demurrer. Section 68 of the practice act provides that "the court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party," and section 71 that "the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties."

As all the papers on which the court acted are before us under proper certification, and its order with them under affidavit and certification of the clerk and district judge, which do not comply with the statute, we think the latter defects should be deemed waived because no objection to them, or motion to dismiss the appeal, was made within fifteen days as required by the rule, nor for more than forty days after the filing of the transcript and appellant's brief, nor until after respondent had without reservation applied for additional time in which to file its brief, and, as the complaint states a good cause of action, we believe it is better that this technicality be so considered and disregarded, to the end that a trial may be had and the rights of the parties more speedily determined.

The order dismissing the amended complaint is reversed, and the district court will allow the defendant a reasonable time in which to answer.

SWEENEY, J.: I concur.

NORCROSS, J., dissenting:

Conceding, for the purposes of this case, that respondent's motion to dismiss the appeal was not filed in time, and, for that reason, such motion cannot be considered, nevertheless I think the record in this case requires a dismissal of the appeal upon the court's own motion. What the appellant designates as his "Affidavit on Appeal" is something unknown to our practice, and is not authorized by any possible construction of our civil practice act. (*Hart* v. *Spencer*, 29 Nev. 286, 89 Pac. 289.) That counsel filed his so-called "Affidavit on Appeal" under a misconception of our statute is clear. While I concede that defects and irregularities in the matter of an appeal, otherwise regular, may be waived, I do not regard the present appeal in such a condition. The so-called "Affidavit on Appeal," having no authorization in law, is, in my opinion, a nullity and cannot be considered for any purpose. As the other volume of the record, taken alone, does not present anything for the court's consideration, I think the appeal should be dismissed.