[No. 294.  Decided December 10, 1891.]

THE NORTHERN PACIFIC AND PUGET SOUND SHORE RAIL-
ROAD COMPANY, *Appellant,* v. FRANK D. BLACK AND
KATE H. BLACK, *Respondents.*

#### APPEAL—VACATING JUDGMENT—MISTAKE.

An order denying a petition or motion to vacate a judgment is a final order in such proceeding, and is therefore appealable.

A court will not open a judgment regularly entered, although it may be through mistake, unless it appears from the motion therefor that the judgment is wrongful or oppressive.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Mitchell, Ashton & Chapman,* and *Andrew F. Burleigh,* for appellant.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the Court was delivered by

HOYT, J.—This appeal is prosecuted from an order of the superior court denying the motion to vacate and set aside a judgment theretofore rendered in the cause, on the ground that the same was so made and entered against the plaintiff through its excusable inadvertence or mistake. Respondents move to dismiss the appeal on the ground that an appeal does not lie to this court from such an order.

This court has repeatedly held that no appeal lies from an order denying or granting a motion for a new trial. It has also held, in one case, that such appeal would not lie from an order vacating and setting aside a judgment entered by default against the defendant in the action, and allowing him to appear and contest the same; but, so far

as we know, a question like the one here presented has never been decided by this court.

Proceedings to open a judgment regularly entered, at common law, constitute a distinct suit. Under our statute such proceedings are had by petition or motion in the original action. I think, however, that that fact does not substantially change the nature of the proceeding. In one sense, it certainly is a proceeding in the cause, but in another, and a more liberal sense, it is a distinct and separate proceeding. A cause may be said to be finally closed when a judgment upon the merits has been duly rendered therein, and subsequent proceedings, though by statute made in the original cause, are really separate, supplemental proceedings. Of course, motions for a new trial do not come within this definition; they are made and passed upon before final judgment is entered, and any error of the court in deciding the same can be taken advantage of in the appellate court on an appeal from the final judgment. Proceedings like the one at bar, however, stand upon an entirely different basis; such proceedings, under our statute, may be taken under certain sections thereof at any time within one year, and under other sections within such time as the court shall deem reasonable. Appeals from a final judgment in a cause are limited by statute to six months. It will, therefore, be seen that even if error in the proceedings after the judgment would avail an appellant who has appealed from a final judgment, such appeal would be entirely inadequate to protect his rights, for the reason that at the time the error is committed his right to appeal from the final judgment may be barred by the lapse of time. Beside, I do not see how an error occurring after the judgment could work a reversal of such judgment, however palpable might be the error.

I think proceedings of the nature of this are within our statute as to appeals, and that from final orders therein an

appeal lies to this court. An order denying the petition or motion is certainly a final order in such proceeding. If the party has no appeal his rights are absolutely precluded by such order. Whether an order granting the motion in such a case is such final order as will warrant an appeal therefrom I do not now decide. Error in granting such a motion could be assigned when, after final determination of the cause, the case should reach this court, and the right to appeal is not absolutely necessary to the protection of the rights of the party, and such an order may not therefore be a final order within the rule established by the decisions of this court.

The motion to dismiss the appeal must be denied.

The motion to vacate the judgment was founded upon two affidavits filed therewith, from which it appeared that the judgment entered therein had been so entered in accordance with a stipulation entered into between the appellant and the respondents, by their respective attorneys, and it was alleged in said affidavits that the attorneys for the appellant signed the same with the understanding that the attorneys for the adverse party represented all of the defendants in said action, excepting the county of King, whereas, in fact, as they had afterwards ascertained, such attorneys only represented the respondents herein. They further allege in said affidavits that they would not have entered into such stipulation had they known the fact that the judgment to be entered therein was in compensation for the interest of said Black and wife only, and not for the interest of all the defendants excepting the county of King. Said affidavits further show that at the time they consented to such judgment appellant supposed that the sum stated therein was full value for the property to be taken, including the interest of said Black and wife, and of one Teller, another defendant named in said action.

It nowhere appears in said affidavits, or either of them,

that the sum of $7,500, which was the amount of the judgment stipulated to be entered, and which was entered, was more than the value of the interest of said Black and wife in the property taken.   The only allegation in regard to that matter at all was the following clause, above referred to:

"That affiant understood and believed that in agreeing to the payment of the amount stated in said stipulation, full compensation and payment was thereby being made for the value of all of the land actually taken under said proceeding, and for all damages occasioned to the adjoining lands of said respondents by reason of said appropriation."

There is nowhere in either of said affidavits any direct allegation tending in the least degree to show that the amount of said judgment was more than the value of the land of said Black and wife, taken in such proceeding.   It sufficiently appears from said affidavits that said parties supposed they were getting more for said $7,500 than they actually did get, but nowhere does it appear that they did not actually get their full $7,500 worth.   The affidavits, considered alone, and unaffected by those filed in opposition thereto, may have fully established the mistake or inadvertence, and thus brought the appellant within the provisions of our statute so far as that branch of the case is concerned, but I do not think that it has ever been held by any court that a mistake alone will warrant the opening of a judgment.   Two things at least must concur—an excusable mistake, followed by a judgment which is wrongful or oppressive; and however clearly the first may be made to appear, no court will relieve against a judgment regularly entered unless it *prima facie* appears from the showing that said judgment is wrongful or oppressive as against the party moving.

This disposes of the case on appeal, but I desire to say that, when I take into consideration the affidavits filed by

the respondent in opposition to the showing made upon such motion by the appellant, it is doubtful whether or not such a case of inadvertence or mistake was made to appear that this court, upon that question even, would hold that in deciding the same adversely to the appellant there was an abuse of discretion on the part of the lower court. I am inclined to think no such abuse of discretion appears when all the affidavits in the case are considered.

The order appealed from must be affirmed with costs, and it is so ordered.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.