[No. 1971.  Decided February 19, 1896.]

CAROLINE BOKIEN, *Respondent,* v. THE STATE INSURANCE COMPANY OF OREGON, *Appellant.*

APPEAL — INSTRUCTIONS — HARMLESS ERROR.

The improper use of the word "not" in an instruction, evidently unintentional, will not be regarded as misleading to the jury, when its use is connected with the statement of facts over which there is no controversy.

Appeal from Superior Court, Pierce County—Hon. JOHN C. STALLCUP, Judge.  Affirmed.

*W. W. Likens,* for appellant.

*Francis W. Cushman, Charles Ethelbert Claypool,* and *R. F. Laffoon (Edward Everett Cushman,* of counsel), for respondent.

*Per Curiam:*  This was an action upon an insurance policy to recover for a loss by fire. Verdict and judgment for the plaintiff. Defendant appeals.

Innumerable errors are assigned over the admission

and rejection of testimony, and to the instructions given and refused by the court. We shall not undertake to set them forth in detail as no new point is presented by any of them for our consideration. After an examination of each of them, we are satisfied that no prejudicial error was committed, and the only one we consider as calling for any special mention is as to the second instruction given by the court to the jury, the first part of which is as follows:

"In regard to the sworn statement of plaintiff in her proof of loss that she had lost certain articles in this fire which it afterwards proved had not been lost, the court instructs you that although you may not believe, from the evidence, that certain articles therein named as lost were actually saved, these facts alone would not constitute a defense to this action."

The trouble here arises over the use of the word "not," where it appears the second time in the instruction. This word was used unintentionally, it seems to us, unless its appearance in the record is due to a clerical error. The court evidently meant to say, "you may believe," and not "you may not believe." But we do not think this could have misled the jury, for it seems to have been conceded that there were certain articles for which the plaintiff claimed pay that were not burned, and the court in the first part of said instruction assumed that to be an established fact and there was no controversy between the parties as to that question; the only important matter being as to whether such claim had been wilfully made by the plaintiff with intent to defraud the defendant, and this was properly submitted. It does not appear that the improper use of this word "not" in said instruction was specifically called to the court's attention

either in the exceptions taken or in the motion for a new trial.

It not sufficiently appearing that the appeal was prosecuted in bad faith, the respondent's motion for damages is denied.

Affirmed.