[No. 3403.  Decided May 21, 1900.]

F. O. CHEZUM et al., Respondents, v. C. E. CLAYPOOL
et al., Appellants.

JUDGMENTS—ACTION TO CANCEL—RES JUDICATA.

Where the statute affords a full, complete, and adequate remedy against an illegal judgment by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from any order entered upon such motion, one who has attacked a judgment by motion to vacate and has failed to prosecute an appeal from the denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is res judicata.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.  Reversed.

E. E. Cushman, for appellants.

G. L. McKay and Ira A. Town, for respondents.

The opinion of the court was delivered by

GORDON, C. J.—In December, 1894, the superior court of Pierce county rendered judgment in favor of Caroline Bokien and against the State Insurance Company for the sum of $600 and costs.  An appeal was taken to this court and the judgment affirmed.  14 Wash. 39 (44 Pac. 110).  In the order of remittitur to the lower court, the costs of the trial court were, by inadvertence, omitted.  On March 31, 1896, the superior court, upon motion of counsel for Bokien, proceeded to enter judgment in conformity with the remittitur of this court, and included therein the costs arising in the trial of the action.  Subsequently, and during the years 1896, 1897, and 1898, various writs of garnishment and execution were issued, based upon that judgment, and certain proceedings supplemental to execution were had and taken; and in October, 1898, the respondents in this

case, who were sureties upon the appeal bond, and against whom judgment went, moved to vacate and set aside the judgment of March 31, 1896, upon various grounds. This motion was supported by affidavit, and, after hearing, was denied by the court. No appeal was taken therefrom. Subsequently this action was brought to cancel the judgment. A demurrer to the complaint was overruled, and the appeal in the present instance is from a judgment in plaintiff's favor, directing the cancellation of the judgment.

We think that plaintiffs have mistaken their remedy, and that the decision upon the application to vacate the judgment was a bar to any subsequent proceeding. It is fundamental that equity will not interfere where there is a full and adequate remedy at law, and our statute (Bal. Code, §§ 5153-5162, inclusive) provides such a remedy. It is not pretended that the plaintiffs in the present action were not aware of the existence of the judgment. On the contrary, although knowing its terms and provisions, and the repeated efforts to enforce it, they took no steps to have it modified or vacated for upwards of two years, when they proceeded to move against it. The record does not advise us of the grounds upon which the decision went against them, and it is not material to the present inquiry what the real ground of decision was. It is enough to know that the proceeding afforded by the statute for vacating or modifying judgments is not a summary one, that its provisions are ample to enable justice to be done, and that an appeal is allowed to this court from the order entered therein. *Northern Pacific & P. S. R. R. Co. v. Black,* 3 Wash. 327 (28 Pac. 538); *Seattle & Montana Ry. Co. v. Johnson,* 7 Wash. 97 (34 Pac. 567).

As already said, the statute affords a full, complete, and adequate remedy. Such being the case, it must be re-

garded as exclusive; and, having unsuccessfully sought to obtain a decision in their favor by resorting to that proceeding, plaintiffs are bound by such decision, and cannot avoid the effect of it by an action like the present.

The judgment will be reversed and the cause remanded, with direction to the superior court to dismiss.

DUNBAR, FULLERTON and REAVIS, JJ., concur.