[No. 6685.    Decided June 22, 1907.]

THE STATE OF WASHINGTON, *on the Relation of R. W. Barto,* *Respondent,* v. BOARD OF DRAINAGE COMMISSIONERS OF DISTRICT No. 1 OF PACIFIC COUNTY, *Appellant.*[1]

MANDAMUS—TO OFFICERS—REMEDY AT LAW—COMPELLING ISSUANCE OF WARRANTS—DRAINS. Mandamus is the proper remedy to secure the issuance by drainage commissioners of warrants in payment of services, although the right thereto is denied and plaintiff might proceed by ordinary action for breach of contract; since, under the Code, mandamus is but a form of civil action wherein appropriate relief may be given, and is specially authorized by Bal. Code, § 5755 to compel the performance of duty imposed by law upon public officers, and by Laws 1895, ch. 115, § 40, providing that the superior courts may by mandatory injunction compel the performance of the duties imposed by the drainage act.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered August 25, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits in an action for a mandamus to compel the issuance of warrants by the commissioners of a drainage district. Affirmed.

[1]Reported in 90 Pac. 660.

*Hewen & O'Phelan* (*Charles E. Miller*, of counsel), for appellant.

*Blaine, Tucker & Hyland* and *Welsh & Welsh,* for respondent.

DUNBAR, J.—The appellant is a drainage district incorporated under the drainage statutes of the state.. The commissioners of this district entered into a contract with the respondent's assignor to dig·a ditch or drain in their district. The contract is set forth in the pleadings and the briefs of respective counsel, but it is not necessary to produce it here. Upon the alleged completion of the contract and the refusal by the commissioners to pay the amount claimed by David Swank, the respondent's assignor, the respondent made application for a writ of mandamus against the board, to compel them to issue warrants in payment of services alleged to have been rendered. Motion was made to quash the writ, which was overruled; the appellant answered, the case was tried to a jury, verdict was rendered in favor of the respondent in the sum of $3,052, new trial was denied, and appeal was taken.

The main contention in this case, and really the only one discussed, is that the motion to quash should have been sustained for the reason that the remedy of mandamus was not the proper remedy in the case, it being the contention of appellant that, inasmuch as the allegations of the complaint in regard to the performance of the services were denied, the respondent's remedy was an action for breach of contract, for which the plaintiff had ample remedy by an ordinary action. It is useless to discuss the office of the ancient writ of mandamus. It is a matter of common knowledge with lawyers that it was a writ prerogative of the king and issued only at his pleasure. It was an attribute of sovereignty, and a citizen could not, as a right, invoke its aid. But even at the common law its scope became enlarged, and it could be invoked by the private citizen to compel the performance of a legal duty

on the part of the courts and other tribunals. But it is not the common law writ that is under discussion in this case, and all citation of authority defining the ancient writ may be brushed aside as inapplicable under the provisions of the code; for the code prescribes its use and makes it simply one of the methods of procedure for the enforcement of rights or the redress of wrongs. This court has in several cases, notably *Browder v. Phinney*, 30 Wash. 74, 70 Pac. 264, and *Brown v. Baldwin, ante* p. 106, 89 Pac. 483, adversely criticized the practice which encourages quibbling over mere forms of procedure, to the delay of substantial justice and in opposition to both the spirit and letter of the code, which provides that there shall be but one form of civil action, and abolishes in effect the many distinctions indulged in by the common law in relation to the forms of actions.

But, outside of these general considerations, and conceding for the purpose of this discussion the contention of appellant that mandamus will not lie for a breach of a private contract or the enforcement of private contractual rights, this plainly is not an action in aid of the enforcement of private contractual rights, but is an attempt to compel statutory officers to perform statutory duties imposed by law upon the person or body against whom the coercive power of the court is invoked. Section 6, chapter 115, of the Session Laws of 1895, provides for the election of the drainage commissioners. Section 8 confers upon such commissioners exclusive charge of the construction and maintenance of all drainage systems which may be constructed within the boundaries of their district, and constitutes them the executive officers thereof. Section 25 makes it their duty to issue warrants in payment of all claims of indebtedness against the district. So that it could scarcely be said that the application for the writ, to compel the commissioners to issue warrants in payment of claims against the district for the construction of a ditch contracted for by the commissioners under the direct provisions of the law, was in any sense an application for the en-

forcement of a private contract. On the other hand, it as plainly falls within the provisions of Bal. Code, § 5755 (P. C. § 1407), to the effect that mandamus may be issued by a court, except a justice court, to any inferior tribunal, body, or person, to compel the performance of any act which the law especially enjoins as a duty resulting from the office, trust, or station. In addition to this, the drainage act itself, § 40, provides that the superior court may compel the performance of duties imposed by this act, and may in its discretion, on proper application therefor, issue its mandatory injunction for such purpose. The allegations in the petition and affidavit for the writ must be accepted by this court as true, for the reason that no statement of facts has been made or settled, and the verdict of the jury establishes the truth of the allegations; and the allegations are to the effect that the board refused to perform a duty imposed by statute.

This question was before the court in the case of *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50, and mandamus there, under the provisions of the code, was defined to be a judicial investigation, the object of which was the determination of civil rights, the same as in any ordinary proceeding; not only the determination of rights, but their determination in such a way as to culminate in an effective judgment. A case parallel in all respects with the case at bar is *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207. This was an action brought by a school teacher against the officers of a school district to compel them to issue warrants for a teacher's salary. There, as here, issues of fact were joined, the board of directors alleging that the teacher had not performed the conditions of his contract of hire. A motion was made to quash the writ, which was sustained by the trial court on the ground that mandamus was not the proper remedy. This court, however, upon appeal, reversed the judgment, and held that an action at law against the district would not furnish him relief; that the most he could obtain by such an action would be a judgment against the district which would entitle

him to a warrant drawn by the directors upon the county treasurer; that he could not obtain in an action at law a judgment which could be collected by execution, and he would therefore have to resort to mandamus to secure his rights, if the directors still refused to act of their own volition; that there was no reason why he could not resort to the remedy by mandamus in the first instance in order to make his judgment effective. It was held that it was a procedure under the code, and that any person who had a cause that called for its invocation had the same right to sue out the writ as he had to commence a civil action to redress a private wrong; and that the procedure had in it all the elements of a civil action. That is an exhaustive case; the authorities are collated and analyzed, and every question which is raised in this case is therein decided.

Believing that, under the provisions of the statute and the decisions of this court, the writ was properly issued, the judgment is affirmed.

HADLEY, C. J., MOUNT, ROOT, FULLERTON, and CROW, JJ., concur.