[No. 7568.   Decided October 15, 1908.]

ETTA WILSON, *Respondent*, v. PUGET SOUND ELECTRIC
RAILWAY COMPANY, *Appellant*.[1]

APPEAL—NOTICE—SERVICE UPON CO-PARTY—NECESSITY—JURISDIC-
TION—DISMISSAL OF APPEAL.   Where judgment is entered in a per-
sonal injury case upon a verdict in favor of plaintiff, against one
defendant for damages, and in favor of a co-defendant for costs, and
appeal is taken by the unsuccessful defendant, failure to serve the
notice of appeal upon the co-defendant as required by Bal. Code,
§ 6504, does not deprive the supreme court of jurisdiction or work
a dismissal of the appeal; since Bal. Code, § 6503, provides that ser-
vice of the notice upon the prevailing party shall effect the appeal;
and since such co-party has no right to appeal and no interest in the
appeal taken, and the same does not go to the substance, or to the
right to appeal, under Laws 1899, p. 79, which provides for the denial
on terms of motions to dismiss which do not go to the substance or
to the right to appeal and for amendments to cure defects, and that
appeals shall not be dismissed for informalities or defects in the
notice or service if the appeal be forthwith perfected.

Motion to dismiss an appeal from a judgment of the supe-
rior court for King county, Albertson, J., entered April 18,
1908, upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries.   Denied.

*Blaine, Tucker & Hyland* and *Robert C. Saunders*, for re-
spondent.

*James B. Howe* and *Hugh A. Tait*, for appellant.

PER CURIAM.—This action was commenced by Etta Wilson,
widow and sole heir at law of James F. Wilson, deceased,
against Puget Sound Electric Railway Company, a corpora-
tion, and L. E. Bigelow, to recover damages for the death
of her husband, alleged to have been caused by the wrongful
and negligent act of the defendants.   On trial a judgment
was entered on the verdict of a jury in favor of the plaintiff
and against Puget Sound Electric Railway Company, for
$2,500 and costs, and a directed judgment was entered in
favor of the defendant L. E. Bigelow and against plaintiff

[1]Reported in 97 Pac. 727.

for costs.   The defendant Puget Sound Electric Railway Company has appealed from the judgment entered against it.

The respondent Etta Wilson has moved for a dismissal of this appeal for the reasons that the defendant L. E. Bigelow, who appeared and defended the action, was not served with notice of appeal; that he has taken no cross-appeal, and that this court therefore has no jurisdiction.

The only distinction between the facts in this case and those in the case of *Sipes v. Puget Sound Electric R. Co.,* *ante p.* 585, 97 Pac. 723, in which we have on this date filed an opinion denying the respondent's motion to dismiss an appeal, is that the defendants herein appeared by different attorneys, and that neither the defendant L. E. Bigelow nor his attorney was served with notice of this appeal, or at any time admitted service thereof.   The record in this case does show that L. E. Bigelow was a successful litigant, judgment being entered in his favor against the respondent Etta Wilson; that he was not the *prevailing* party in the judgment from which Puget Sound Electric Railway Company has appealed; that not being an aggrieved party, there was no judgment from which he could appeal; that he is not a necessary party to the appeal of Puget Sound Electric Railway Company, not being interested therein, and that failure to serve him with notice thereof neither prejudiced the respondent Etta Wilson, nor prevented her from taking an original or cross-appeal as against him, if she desired so to do.   The failure of Puget Sound Electric Railway Company to serve the defendant L. E. Bigelow with notice of its appeal is therefore not such an omission or defect as goes to the substance of its appeal or its right of appeal.   Under this condition of the record, and in view of the provisions of chapter 49, Laws 1899, page 79, the respondent's motion to dismiss must be denied on the authority of *Sipes v. Puget Sound Electric R. Co., supra,* for the reasons therein first discussed.

The motion to dismiss is denied.