[No. 7591.   Decided April 1, 1909.]

ROSEMARY MCDOUGALL, *Appellant*, v. ROBERT BRIDGES
*et al., Respondents.*[1]

APPEAL—NOTICE—PARTIES.  Notice of appeal need not be served
upon parties not appearing in the court below.

DRAINS—MAINTENANCE—ASSESSMENTS — CONDITIONS PRECEDENT—
ESTIMATES—STATUTES—CONSTRUCTION.   Under Bal. Code, § 3738, an
assessment for the maintenance of a drainage district is void where
no estimate was made of the cost, as required by the act.

SAME—PURPOSE OF ASSESSMENT.   An assessment for the main-
tenance of a drainage district is void where part of the assessment
was stated to be intended for another purpose than that permitted
by the statute, and the assessment was in excess of the amount re-
quired for any lawful purpose.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered July 10, 1908, upon findings
in favor of the defendants, after a trial before the court,
refusing to cancel an assessment for the maintenance of a
drainage district.   Reversed.

*Godman & Embree*, for appellant.

*Ballinger, Ronald, Battle & Tennant*, for respondents.

FULLERTON, J.—In this action the appellant sought to
restrain the collection of an assessment attempted to be
levied upon her property by the drainage commissioners of
Drainage District No. 1, of King county.   The facts as
found by the court are not questioned by either party, and
are in substance these:   Prior to September 30, 1902, cer-
tain freeholders residing in King county, owning land re-
quiring drainage, organized a drainage district under the
act of March 20, 1895 (Laws 1895, p. 271) and included
therein, among other lands, a tract of land belonging to the
appellant which contained 287 acres.   Thereafter a drainage
system was planned and adopted, and proceedings instituted,

[1]Reported in 100 Pac. 835.

under the provisions of the act, to provide means for the construction of the necessary drains. These proceedings were carried to final decree on October 1st, 1902; in which decree it was found and determined that the cost of the system would approximate the sum of $29,044.08, and that the benefit accruing to the property of the district as a whole by reason of the improvement would be equal to the sum of $32,991.08, and that the maximum amount of benefit which would accrue to the appellant's land would be $2.75 per acre.

After the judgment had been filed in the auditor's office pursuant to the statute, the board of commissioners of the drainage district caused the full amount of the benefits accruing to the appellant's land to be assessed against it, and directed the same to be paid in four equal annual installments, commencing with the year 1902. Thereupon the commissioners entered on the construction of the drains, and in due time thereafter completed the same as planned. The several installments levied against the appellant's land were paid by the appellant as they fell due, the last one being paid prior to May 31, 1906. In October, 1906, the drainage commissioners certified to and filed with the county auditor an instrument in writing by which they attempted to make another assessment against the appellant's property, equal to thirty per centum of the original assessment; the instrument by which the assessment was authorized being in the following words:

"O'Brien, Washington, October 29, 1906.
"Mr. J. P. Agnew, County Auditor of King County, Washington,
"Dear Sir:—At a meeting held by the drainage commissioners of Drainage District No. 1 of King county, you are hereby authorized and empowered to levy and assess upon the tax rolls of King county, thirty per cent of the amount of the judgment in the case of Drainage District No. 1 of King County v. M. J. Hayes et al., No. 32,912, against the property described in said judgment, one-fourth of the thirty

per cent to go on construction fund and three-fourths or the balance to go on maintenance fund. Yours truly, Charles J. Nelson, Secretary Drainage District No. 1."

At the time of this attempted assessment, there were a large number of outstanding warrants issued by the drainage district, but for want of evidence the court did not and could not find the purpose for which they were issued, nor the amount the sum would total. The purpose of the assessment was to pay off the outstanding warrants, and to maintain the drainage system during 1907. The drainage commissioners did not, however, make any estimate of the amount it would require to maintain the drainage system for the year 1907 prior to directing the assessment to be levied, nor did the court find what such cost would be, but it was found that the sum required for that purpose would be less than the amount attempted to be levied. It was further found that the county auditor, on receiving the notice from the drainage commissioners, caused the land of the appellant to be assessed for the amount therein set forth, and the assessment was carried onto the tax rolls of King county as a lawful assessment upon the appellant's property. On the foregoing facts, the trial judge rendered a decree cancelling one-fourth of the assessment, being the part specified in the commissioners' certificate as levied for the construction fund, and held it valid as to the remainder. From the refusal of the court to cancel the entire assessment, this appeal is taken.

The county of King and Matt H. Gormley, as county treasurer of King county, were made parties defendant to the action, but made no appearance in the action, and no judgment was taken against them or either of them. They were not served with the notice of appeal; and counsel for the drainage district move to dismiss the appeal for that reason. But this court has uniformly ruled against this contention. We hold that it is not necessary to serve the notice of appeal on parties who made no appearance in the court below. *Seattle & Montana R. Co. v. Johnson*, 7 Wash. 97, 34

Pac. 567; *Essency v. Essency*, 10 Wash. 375, 38 Pac. 1130; *Eldridge v. Stenger*, 19 Wash. 697, 54 Pac. 541; *Home Savings & Loan Ass'n. v. Burton*, 20 Wash. 688, 56 Pac. 940; *Smalley v. Laugenour*, 30 Wash. 307, 70 Pac. 786; *Noble v. Whitten*, 34 Wash. 507, 76 Pac. 95; *Woelflen v. Lewiston-Clarkston Co.*, 49 Wash. 405, 95 Pac. 493; *Wilson v. Puget Sound Elec. R. Co.*, 50 Wash. 596, 97 Pac. 727. The motion to dismiss must therefore be denied.

The provision of the statute thought to authorize the levy directed by the drainage commissioners is § 3738 of Ballinger's Code (P. C. § 4553), as the same was amended by the act of March 13, 1905. Laws 1905, p. 363. The section as amended reads as follows:

"Section 3738. The board of commissioners of any drainage district organized under the provisions of this act shall, on or before the first day of November of each year, make an estimate of the cost of maintenance of the drainage system constructed in such district, which estimate shall include the costs of making any necessary repairs that it might become necessary to make in the maintenance of such system. Such estimate shall be made for the succeeding year, and the amount so estimated shall be certified by the board of commissioners to the auditor of the county in which such district is located on or before said date, and the amount thereof shall be levied against and apportioned to the lands in such district benefited by said improvement, in proportion to, and upon the basis of the value of such lands as fixed by the last preceding equalized assessment roll of said county, and said amount shall be added to the general taxes against said lands, and collected therewith."

It seems plain to us that this section of the statute does not authorize the levy the drainage commissioners directed to be made in this instance. Manifestly it was intended to enable the drainage district to procure means for maintaining and repairing the drainage system after it had been completed. It contemplates that, before any levy shall be made for that purpose, an estimate shall be made by the drainage commissioners of the necessary cost of such maintenance and

repairs for the ensuing year and a levy made for that amount and no more. It contemplates also that the levy so made when collected shall be expended for the purposes for which it is levied and for no other purpose. No attempt was made to comply with these requirements of the statute in the instance in hand. No estimate at all was made by the commissioners. A part of the levy was expressly stated to be intended for another purpose than that permitted by the statute; and in so far as the levy might be said to be for the purposes authorized by the statute, it is in excess of any amount required for such purposes. This latter fact would avoid the levy even were we inclined to hold that the provision of the statute requiring the drainage commissioners to make an estimate prior to making a levy was merely directory, since there is no way of separating the excessive part from that which might otherwise be legitimate.

But the powers of the drainage commissioners are statutory, and before they can exercise so important a power as the power of taxation, they must be able to point to some provision of the statute expressly authorizing it, and must show, after they have exercised such power, that they have pursued the procedure provided by the statute with reasonable strictness. We think the commissioners failed in these respects in this instance, and that the attempted levy was void. This conclusion renders it unnecessary to discuss the constitutionality of the amendatory statute above quoted, and we leave that question undetermined.

The judgment appealed from will be reversed, and the cause remanded with instruction to adjudge the attempted levy void, and to restrain the officer whose duty it is to collect such taxes from attempting to enforce their collection.

ALL CONCUR.