[No. 9565.  *En Banc.*  October 24, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Warehouse & Realty Company, Respondent,* v. THE CITY OF SPOKANE *et al., Appellants.*[1]

MANDAMUS—TO OFFICERS AND BOARDS—WHEN LIES—CONTRACT ESTIMATES. Mandamus is the proper remedy to compel a city engineer and board of public works to make estimates of work done by a contractor on public works, for which payment was to be made in warrants, which estimate they wrongfully and capriciously withheld in violation of the terms of the contract, notwithstanding the amount may be in dispute.

SAME—NATURE OF DUTY OF OFFICERS. The duty of a city engineer and board of public works to make estimates called for in a contract made by the city is not contractual, but is one imposed by law, where it falls within the general charter provisions as to their duties and powers.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTION TO FINDINGS. Error cannot be predicated upon the exclusion of evidence on a point in issue where no exceptions were taken to findings of fact establishing the facts thereon.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 5, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for a writ of mandamus.  Affirmed.

*Fred B. Morrill, H. M. Dunphy,* and *A. M. Craven,* for appellants.

*Cullen & Dudley* and *Happy, Winfree & Hindman,* for respondent.

PARKER, J.—This is a mandamus proceeding, wherein the relator seeks to compel the city engineer and the board of public works of the city of Spokane to make an estimate in

[1]Reported in 118 Pac. 321.

13—65 WASH.

the sum of $18,866.52 for work done by the relator upon a contract with the city in the construction of a street improvement. The defendants demurred to the affidavit for the writ, upon the ground of insufficiency of facts to entitle the relator to the relief prayed for, which demurrer was overruled. The defendants answered and a trial followed, resulting in findings and judgment in favor of the relator. The defendants have appealed.

We need notice only certain facts stated in the court's findings, to which no exceptions were taken, and which may therefore be considered as no longer in dispute. These facts are also set forth in the affidavit for the writ, and therefore will be sufficient for our consideration of the court's ruling upon the demurrer. They are, in substance, as follows: On August 24, 1908, the relator entered into a contract with the city to construct a viaduct and fill upon Sprague avenue according to plans and specifications prepared therefor. By the terms of the contract, it was agreed, among other things, as follows:

"It is further understood and agreed, between the parties hereto, that all of said work shall be performed and all of said material shall be furnished under the supervision, direction and control and to the complete satisfaction of the board of public works, and its representative, the city engineer, who is acknowledged to be the representative of said board of public works,    . . .

"In consideration of the performance of the terms and conditions of this contract by the party of the second part, said party of the first part agrees to pay to said party of the second part the sum of eighty-six thousand nine hundred ($86,900) dollars, the same to be paid upon estimates made in the following manner: On the first of the month, sixty (60) days after work has been started, and each sixty (60) days thereafter, the party of the second part shall be allowed an estimate of eighty (80%) per cent of the work completed at such times, such estimate to be made by the city engineer, it being understood, however, that twenty (20%) per cent of the total contract price shall be withheld until the work is finished and accepted, and it is further understood and agreed

that the first twenty thousand ($20,000) dollars, paid to said party of the second part in accordance with the terms hereof shall be paid in cash or by warrants upon the general fund, and the payment of the balance of said contract price, to wit, the sum of sixty-six thousand nine hundred ($66,900) dollars shall be paid in such manner that sixteen thousand seven hundred and twenty-five ($16,725) dollars shall be due in one year from the date of the issuance of the warrants covering said named sum; sixteen thousand seven hundred and twenty-five ($16,725) dollars to be paid in two years from the date of the issuance of the warrants covering said named sum; sixteen thousand seven hundred twenty-five ($16,725) dollars to be paid in three years from the date of the issuance of the warrants covering said named sum; and sixteen thousand seven hundred twenty-five ($16,725) dollars to be paid in four years from the date of the issuance of the warrants covering said named sum. All warrants evidencing the payment of said sixty-six thousand nine hundred ($66,-900) dollars shall bear interest at the rate of six (6%) per cent per annum . . ."

Thereafter the relator entered upon the construction of the improvement, in pursuance of the plans and specifications as interpreted by the city engineer and the board of public works, until February 5, 1909, when the specifications were modified in certain particulars by the defendants with the consent of the relator, but without materially altering the character or the nature of the work to be performed. Thereafter the relator continued the construction in accordance with the plans and specifications as modified and as interpreted by the city engineer and the board of public works, and has completed a large part of the work. All of this work was performed under the direction and supervision of the city engineer and the board of public works, and to their entire satisfaction, and the same was from time to time, as it was constructed and done, accepted by the city engineer and the board of public works. Estimates were made from time to time, as provided by the contract, upon completed portions of the work, and as the estimates were made, there was paid to the relator in cash and warrants eighty per cent of the amount

thereof, aggregating the sum of $35,575.75. Since August 7, 1909, the date of the last estimate, the city engineer and board of public works have wrongfully, capriciously, and without reason therefor, failed and refused to make or allow to the relator any further or other estimates. The relator became entitled to have estimates made on the 1st day of October and December, 1909, and the first day of February, 1910, for work theretofore performed under the contract. Prior to February 1, 1910, the relator completed work under the terms of the contract of the value of $71,052.84, and is now entitled to an estimate on such work of eighty per cent of that sum less estimates heretofore allowed and paid, amounting to the sum of $18,866.52, being the amount claimed to be due the relator in its complaint. The findings of the court as to acceptance of the work by the city engineer and board of public works, the substance of which we have above stated, has reference to all of this work.

The first and principal contention made by counsel for the city is that the relator cannot invoke the remedy of mandamus to litigate the questions presented by his affidavit for the writ and the appellant's answer thereto. It seems to us that the previous holding of this court as to the nature of mandamus proceedings under our law show that this contention cannot be successfully maintained. We are not able to distinguish the case of *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207, from this case, in so far as the principle involved is concerned. In that case mandamus was held to be a proper remedy to compel a school board to issue a warrant to a teacher in payment of a balance due on his salary, payable by warrants under his contract of employment, notwithstanding there was involved an issue of fact as to amount due upon the contract of employment. The contention there made was that mandamus was not a proceeding in which disputed claims could be litigated. The right of the teacher to a warrant in that case, like the right of this relator to an estimate in this case, was simply a right to

have evidenced in writing, as provided by the terms of the contract, the amount due thereunder.  At page 582 of the decision in that case, the court said:

"As his contract with the district provided that he was to be paid by a warrant drawn by the school board on the county treasurer, in no other way was he entitled to receive payment for his services, and unless he can force the board to act, it is difficult to see how he is going to get paid at all.  An action at law against the district will not furnish him relief.  The most he could obtain by such an action would be a judgment against the district, which would entitle him to a warrant drawn by the directors on the county treasurer.  He could not obtain a judgment which could be collected by execution. If the judgment was not paid voluntarily—if the directors still refused to act of their own volition—he would yet have to resort to mandamus to secure his rights.  It would seem, therefore, that in reason the claimant could resort to the remedy of mandamus in the first instance."

These observations are peculiarly applicable to this case, in view of the fact that whatever balance is due to the relator under this contract is payable only in warrants to mature in the future.  The fact that the amount of the claim was in dispute was there held to be no reason for holding that mandamus was not an appropriate remedy, upon the theory that under our law "the procedure has in it all the elements of a civil action."  The previous decisions of the court were critically reviewed in that case and found to be in harmony with this view, which has since then been adhered to.  *State ex rel. Gillette v. Clausen*, 44 Wash. 437, 87 Pac. 498; *State ex rel. Barto v. Board of Drainage Com'rs*, 46 Wash. 474, 90 Pac. 660; *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797.

Counsel for appellants insist that, "In determining the question here presented it is only necessary to observe the distinction between the enforcement of a duty based upon a contractual obligation and a duty required by law.  In the latter case a writ of mandate will always be issued, but in the

former case it will not;" and argue that the duty to make the estimates is only a contractual duty on the part of the engineer and the board. Assuming that such a difference in the nature of the duty would affect the right to maintain mandamus proceedings, we think the argument may be answered by saying that we are of the opinion that the duty of making the estimates by the engineer and the board is not contractual, since they are not parties to the contract. They have not contracted to do anything. It is the city that has contracted to do, or caused to be done, the thing which the relator is here contending shall be done for its benefit; while the engineer and the board are merely the appointed agents of the city for that purpose. We are unable to see that their duty flows from any contract entered into by them, and therefore think that as to them the duty is not contractual, but is a duty imposed upon them by law, though it may grow out of a contract made by the city for which they are acting as agents. This duty is cast upon them by operation of law, just as the duty was cast by law upon the school board to issue the teacher's salary warrant in the *McQuade* case. Our attention has been called to some decisions from other states where a duty of this nature is referred to as contractual, but we think such a view is not in harmony with our previous decisions, which, in effect, hold that such a duty, though it may grow out of contractual relations between the appellants and the municipality, nevertheless is not a contractual duty of the officers or agents of the municipality, but is one the law "enjoins as a duty resulting from an office, trust or station," using the language of Rem. & Bal. Code, § 1011; and can therefore be enforced by mandamus, in view of the nature of that proceeding under our law.

Counsel for appellants insist that there is no provision of law or charter requiring such estimates to be made by the engineer or board, and for that reason it is not a duty which the law enjoins upon either of them. But we think that if this contract was lawfully entered into, and it is not con-

tended otherwise, and that the engineer and board were lawfully made the agents of the city for the purpose of making these estimates, then that duty was cast upon them by law as much as if it had been made their duty by specific language of statute or charter. The provisions of the city charter of Spokane in force at the time of making of this contract, touching the powers and duties of the board of public works, among other things contain the following:

"Sec. 97. The board of public works shall have exclusive charge of the improvement and extension of all streets and alleys. . . . They shall have charge of all bridges and the erection and improvement of the same."

"Sec. 99. The board shall have charge of all public works of every kind where not otherwise provided for in this charter, and charge of all furnishing of material and supplies for such works."

See code and charter of the city of Spokane, 1903, p. 35.

Ordinance No. A10, found on page 71 of the same volume, prescribes, among other duties of the city engineer, the following:

"He shall, in addition to the duties prescribed by the charter, perform such services and duties as may be prescribed or directed from time to time by the board of public works."

This contract was executed by the board of public works in behalf of the city. This was clearly a sufficient direction by the board as to the engineer's duties in the making of these estimates. It is therefore clear to us that both the city engineer and the board had these duties cast upon them by law, and that such duties did not grow out of any contract in which they had any personal rights whatever, and, hence, it cannot be said that this is an attempt to enforce contractual obligations as against the engineer and the board, and nothing is sought in this proceeding except to compel such action.

It is next contended that the trial court committed error in declining to accept proof offered by counsel for appellants tending to show that the work had not been done according to

plans and specifications.   Since the trial court has found:

"That all of said work was performed under the direct supervision and direction of said J. C. Ralston, the then city engineer, and the board of public works, and to their entire satisfaction, and the same was, from time to time, as it was constructed and done, accepted by the said defendant, J. C. Ralston, the then city engineer, and the board of public works;" which finding was not excepted to, we think evidence upon the question of failure to perform the contract according to plans and specifications became immaterial, there being no question of fraud or mistake involved in the acceptance of the work by the engineer and board.

We find no error in the record, and conclude that the judgment must be affirmed, and it is so ordered.

All concur.