[No. 20615.  Department One.  July 13, 1927.]

SNOHOMISH COUNTY *et al., Respondent,* v. E. W.
   ANDREWS, *Defendant,* AMERICAN SAVINGS BANK
      & TRUST COMPANY *et al., Appellants.*[1]

[1] DRAINS (10)—DRAINAGE DISTRICTS—COLLATERAL ATTACK IN PRO-
   CEEDINGS.  Property owners who failed to avail themselves of
   the remedy of injunction, accorded by Rem. Comp. Stat., § 4340,
   to enforce the performance of duties of drainage officials, or to
   take any appeal from the findings of benefits from establishing
   a drainage system, are concluded and cannot, years after, con-
   test the foreclosure of drainage certificates of delinquency, on
   the ground of the failure or neglect of the officers to complete
   or keep up the system.

[2] SAME (20)—ASSESSMENTS—ADDITIONAL ASSESSMENTS—ANNUAL
   TAX—VALIDITY.  Estimates prepared by commissioners of an
   irrigation district under Rem. Comp. Stat., § 4324, are suf-
   ficient, although not prepared with formality, where they con-
   tain the things for which the money for the succeeding year is
   being levied, such as upkeep of flood gates, ditches, fees, and
   outstanding warrants; especially in view of Rem. 1927 Sup.,
   § 11097-120, providing that no informality shall vitiate any tax
   or assessment.

[3] SAME (20).  Rem. Comp. Stat., § 4324, providing that an annual
   estimate by the drainage commissioners, shall be levied upon
   lands in the district in proportion to the maximum benefits
   originally assessed, is not unconstitutional in that the levy is
   made without notice or hearing accorded the property owners;
   as the cost, once determined, is a legislative declaration as to
   the benefits, ascertainable from a simple calculation.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered October 30, 1926,
upon findings in favor of the plaintiff, in an action to
foreclose drainage district certificates of delinquency.
Affirmed.

   *Stratton & Kane,* for appellants.

   *Joseph H. Smith* and *Oliver Anderson,* for re-
spondent.

   [1]Reported in 257 Pac. 851.

MAIN, J.—This action was brought to foreclose a certificate of delinquency for taxes levied upon property in a drainage district for the benefit of the district. No appearance having been made within the time required by law, judgment was entered foreclosing the certificate as prayed for. Thereafter the American Exchange Bank, formerly the American Savings Bank & Trust Company, and the Acme Development Company petitioned the court to vacate the judgment, which petition was granted. The case came on for trial upon the merits and resulted in a judgment foreclosing the certificate in substantially the same form as the judgment originally entered. From this judgment, the American Exchange Bank and the Acme Development Company appeal.

Drainage district number 2 in Snohomish county was organized in 1912, under ch. 2 of title XXVII, §§ 4298 to 4346, inclusive, Rem. Comp. Stat. [P. C. § 1947-1 *et seq.*] The taxes levied by the district upon the property sought to be foreclosed upon were paid for the years 1913 to 1916, inclusive. The taxes for 1917 to 1925, inclusive, were not paid, and it is for these taxes that foreclosure is sought.

[1] Upon the trial, the appellants offered to prove that the drainage system was never completed according to the original plans and was not a benefit to the property owned by the appellants, which evidence was rejected. Whether the drainage system was in accordance with the original plans is not a question that can be raised in this proceeding. Under § 4340 [P. C. § 1947-40], of the statute the superior court is given the power to compel the performance of duties imposed "by this chapter, and may, in its discretion, on proper application therefor, issue its mandatory injunction for such purpose." It would seem, with

11—144 WASH.

a remedy available to the property owners if the drainage system was not being constructed in accordance with the original plans, that they could not sit by and wait until years afterwards when an action was brought to recover the annual taxes, and then present that question. Whether the appellants' property was benefited by the improvement is a question which was foreclosed by the jury's finding in the original proceeding as to the maximum benefits, from which no appeal was taken. In *Poolman v. Langdon,* 94 Wash. 448, 162 Pac. 578, it is said:

"The jury, under the original drainage act, being required to find the maximum amount of benefits per acre to be derived by each of the landowners within the district from the construction of the drainage improvement, and in the original proceeding having done so, and the court having entered its decree thereon, and this decree not having been modified or reversed, the case falls within the well settled doctrine of *res adjudicata.*"

The appellants also offered to prove that the system had never been kept up properly and that the money raised by taxes had not been spent thereon. There was no error in rejecting this testimony in the present proceeding. If the drainage commissioners, who manage the affairs of the district and who are elected by the property owners within the district, are mismanaging its affairs there is a remedy as above pointed out and also the further remedy of electing commissioners who will properly administer the affairs of the district. In *State ex rel. Barto v. Board of Drainage Commissioners,* 46 Wash. 474, 90 Pac. 660, the right of the court to issue a mandamus to compel drainage commissioners to perform a duty imposed on them by law is recognized.

[2] It is next argued that the taxes for the years 1916 to 1925, inclusive, are void because illegally and

irregularly levied. Section 4324 [P. C. § 1947-24], of the chapter above referred to provides:

"The board of commissioners of any drainage district organized under the provisions of this act shall, on or before the first Monday in October, of each year, make an estimate of the cost of maintenance of the drainage system in such district, which estimate shall include the cost of making any necessary repairs that it might become necessary to make in the maintenance of such system. Such estimate shall be for the succeeding year, and the amount so estimated shall be certified by the board of ............... commissioners to the auditor of the county in which such district is located, on or before said date, and the amount thereof shall be levied against and apportioned to the lands in such district benefited by said improvement, in proportion to the maximum benefits originally assessed, and such amount shall be added to the general taxes against said lands and collected therewith: Provided, however, that in case of emergency not in contemplation at the time of making such annual estimate the drainage commissioners may incur additional obligations and issue valid warrants therefor in excess of such estimate, and all such warrants so issued shall be valid and legal obligations of such district."

Under this statute, the drainage commissioners on or before the first day of October in each year, are required to make an estimate of the cost of maintenance of the drainage system which shall include the cost of making any necessary repairs, and such estimate shall be certified by the board to the county auditor in which the district is located. The amount of the estimate is required to be levied against, and apportioned to, the lands in the district benefited by the improvement in proportion to the maximum benefits originally assessed. This amount is to be added to the general taxes against the lands and collected therewith. There is a proviso permitting the drainage commissioners to incur additional obligations and issue valid warrants therefor.

It is said that the estimates prepared by the drainage commissioners for the years for which the taxes are in controversy did not satisfy the requirements of the statute. An examination of the estimates will show that, while in all cases they may not be prepared with the formality which is commendable, yet they contain the things for which the money for the succeeding year is being levied, such as upkeep of flood gates, upkeep of a certain ditch, upkeep of another ditch, commissioners and attorneys' fees, also an item to pay outstanding warrants and interest on the same. The case differs from *McDougall v. Bridges,* 52 Wash. 396, 100 Pac. 835, much relied upon by the appellants. There the estimate was in the form of a letter from the secretary of the drainage district to the county auditor, and authorized the levy of thirty per cent of the amount of the judgment in the case of the district against certain property owners and against the property described in the judgment. The letter further set out that one-fourth of the thirty per cent was to go on the construction fund and three-fourths or the balance to go on the maintenance fund. It was there held that the attempted assessment was void, because no estimate was made of the cost as required by the statute. Here, the estimates while as said may not be drawn with perfect formality they are yet sufficient in that they comply substantially with the requirements of the statute. In addition to this, § 120 of ch. 130, Laws of 1925 (Ex. Sess.), p. 306 [Rem. 1927 Sup., § 11097-120], among other things, provides that no error or informality in the proceedings of any officers connected with the assessment, levying or collection of taxes shall vitiate or in any manner affect the taxes or the assessment thereof.

[3] Finally, it is contended that the drainage act is unconstitutional. In support of this contention, it is

said that the property owner is not given the right at any time to object to the annual taxes and present the question as to whether his property will be benefited to the extent of the amount of such taxes. It must be remembered that the annual revenues are raised not upon a local assessment basis, but under a statute which provides for their collection in substantially the same manner that general taxes are levied and collected. In *Houck v. Little River Drainage District,* 239 U. S. 254, the court had before it the drainage act of the state of Missouri. It was there pointed out,

"But the power of taxation should not be confused with the power of eminent domain. Each is governed by its own principles."

The fact that the act provides that the annual estimate made by the drainage commissioners shall be levied against the lands in the district "in proportion to the maximum benefits originally assessed" does not render the act unconstitutional. In *Breiholz v. Board of Supervisors of Pocahontas County,* 257 U. S. 118, the court had before it the drainage act of the state of Iowa and in the course of the opinion it was said:

"The provision of the section assailed, that the cost of repairs shall be assessed upon the lands of the District in the same proportion that the original cost was assessed, since it only requires a simple calculation to determine the amount of each assessment when the cost of the improvement is once determined, is a legislative declaration that the lands will be benefited, and that in such case notice and hearing before such a legislative determination is not necessary, is settled by many decisions of this court, among others, *Hagar v. Reclamation District No. 108,* 111 U. S. 701, 708; *Spencer v. Merchant,* 125 U. S. 345; *Embree v. Kansas City Road District,* 240 U. S. 242, 250; *Wagner v. Baltimore,* 239 U. S. 207, 217; *Houck v. Little River Drainage District,* 239 U. S. 254, 265, and *Branson v. Bush,* 251 U. S. 182, 189.

"The only possible source of objection remaining is the committing to the Board of Supervisors the power to determine, without notice and hearing, when repairs are necessary and the extent of them. But these are details of state administration with which the federal authority will not interfere, except, possibly to prevent confiscation or spoliation of which there is no suggestion in this case."

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.